STATE of Maine

v.

**Stephen Logue ENGGASS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 1, 1990.
Decided March 15, 1990.

William R. Anderson, Dist. Atty., Rockland, for plaintiff.

Robert J. Levine, Strout, Payson, Pellicani, Hokkanen, Strong & Levine, Rockland, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

The State appeals pursuant to 15 M.R.S.A. § 2115–A(1) (1980) the District Court's (Rockland, *O'Rourke, J.*) dismissal of charges against defendant. Stephen L. Enggass, of operating a motor vehicle under the influence of alcohol (29 M.R.S.A. § 1312–B (Pamph.1989)). The State contends that the District Court erred in ruling that there was insufficient evidence for probable cause to arrest. We agree with the State and vacate the dismissal.

At approximately 1:45 a.m. on May 16, 1989, Deputy Reginald Walker of the Knox County Sheriff's Department observed defendant driving erratically. Accordingly, Deputy Walker stopped defendant's vehicle and, after approaching the vehicle, noticed that defendant displayed signs of intoxication. Deputy Walker then requested defendant to perform several field sobriety tests all of which defendant failed. At this point, Deputy Walker asked defendant if he would take an ALERT breath test. Defendant assented saying that it would be a "whopper" because he had been drinking heavily. After defendant failed this test, Deputy Walker arrested him.

Defendant pleaded not guilty, and filed two motions to suppress evidence, one for the results of the ALERT Test and one for statements made by defendant pursuant to the disputed test. At the suppression hearing, defendant orally moved to suppress all of the officer's observations as well as the test results on the ground that the ALERT Test improperly constituted one of the elements establishing probable cause to arrest defendant. The District Court judge granted defendant's oral motion and also dismissed the case.

The State argues that the motion judge erred in not finding probable cause for the defendant's arrest. The motion judge stated that regardless whether

the officer may have had all the reason in the world to find probable cause for arrest, ... [because the officer] said that part of his decision for making the arrest had to do with the fact that ..., [defendant] failed to pass the pass/fail test ... [which] is not acceptable as one of the factors to be used in the form of proof, [the judge was] going to find that [the officer] didn't have probable cause for arrest.

"On appeal, the trial court's finding of probable cause will be reversed only if 'clearly erroneous.' " *State v. Snow,* 527 A.2d 750, 753 (Me.1987). The same standard applies to a trial judge's decision to suppress. *State v. Reeves,* 499 A.2d 130, 132 (Me.1985). However, when a legal conclusion based on uncontroverted facts is challenged, the judge's ruling is independently reviewable on appeal. *State v. Cloutier,* 544 A.2d 1277, 1280 (Me.1988); *State v. Johnson,* 413 A.2d 931, 933 (Me. 1980).

As Deputy Walker openly admitted that the ALERT Test was one of the factors he considered when he decided to arrest the defendant, there is no factual

dispute and the standard of independent review applies. We find that the motion judge misinterpreted the law as to the existence of probable cause.

Probable cause exists where facts and circumstances within the knowledge of the officers and of which they have reasonably trustworthy information would warrant a prudent and cautious person to believe that the arrestee did commit or is committing the felonious offense.

State v. Parkinson, 389 A.2d 1, 8 (Me. 1978). The concept of probable cause is based on an objective standard. Id. The standard

is not whether particular officers thought or believed they had cause to arrest or search. It is rather whether on the basis of facts known or reasonably believed by him, an ordinarily prudent and cautious officer would have probable cause to arrest or search.

State v. Heald, 314 A.2d 820, 828 (Me. 1973). Accordingly, it is irrelevant if Deputy Walker relied upon the breath test results in determining whether he had probable cause to arrest if the remainder of the facts known to him would warrant "the belief of a prudent and cautious person" that defendant was operating under the influence.

The circumstances of this arrest would reasonably justify the conclusion that defendant was driving while intoxicated. Deputy Walker testified that prior to stopping the defendant's car, he observed it do a 360 degree turn in the road and, while traveling a quarter of a mile, saw it twice swerve sharply across its lane and back so that it twice went over the center line. Deputy Walker testified that when he stopped defendant's car, he observed that defendant's eyes were "real bloodshot," that defendant's speech was "hesitant, real distinct" as if "he was concentrating on what he was saying," and that defendant smelled of alcohol. Deputy Walker also described the results of field sobriety tests, which he asked the defendant to perform. In addition, defendant told Deputy Walker that his breath test would be a "whopper" because he had been drinking heavily.

As the motion judge never questioned the credibility of Deputy Walker or the fact that he "may have had all the reason in the world to find probable cause for arrest," his conclusion that there was insufficient evidence for probable cause for arrest is incorrect. Without deciding whether the ALERT Test can or cannot be relied upon to determine probable cause, we conclude that there was more than sufficient evidence without the ALERT Test to warrant "the belief of a prudent and cautious person" that defendant was operating under the influence.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with the opinion herein.

All concurring.