1998 ME 150

**STATE of Maine**

v.

**CHAD B.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 13, 1998.

Decided June 17, 1998.

David W. Crook, District Atty., Alan P. Kelley, Deputy Dist. Atty., Augusta, for the State.

Brian P. Winchester, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

LIPEZ, Justice.

[¶ 1]  Chad B. appeals from the judgment entered in the Superior Court (Kennebec County, *Alexander J.*) affirming the judgment entered in the District Court (Augusta, *Perry J.*) convicting him of one count of Gross Sexual Assault in violation of 17–A M.R.S.A. § 253 (Supp.1997). The defendant argues, *inter alia*, that the court erred in determining that the State had satisfied its burden of proving the corpus delicti exclusive of his admissions. Finding no error, we affirm the judgment of conviction.

## I.

[¶ 2]  In March of 1996, the State charged the defendant, a juvenile, with two counts of gross sexual assault in violation of 17–A M.R.S.A. § 253, one against the victim and the other against her sister. At the bench trial, the State presented the testimony of the victim, the sister, and the investigating police officer. The victim and her sister explained that one Thursday afternoon, they and the defendant went to a neighborhood pond to look for frogs. At the pond, they played a game of "truth or dare." The victim, who was twelve years old at the time of trial, testified that the defendant removed some of her clothing, but she denied that he removed her shirt or her pants. She offered no other testimony in support of the State's case. The victim's sister, who was ten years old at the time of the trial, testified that the victim dared the defendant to " 'hump' " her. She also testified that the defendant removed both the victim's clothing and his clothing. In response to the question, " '[w]hat happened after he took [the victim]'s clothes off,' " the sister responded, " '[h]e started doing it ... [h]umping at [the victim].' " The State then asked the sister what she had

seen, and she replied, " '[n]othing.' "  Similarly, she testified on cross-examination that she did not see anything happen between the defendant and the victim. The sister explained that when " 'it' " happened, she was " 'trying to go home.' " She testified that the defendant followed her, pulled down her pants, and " 'started doing it to me.' " She said that she was lying down, that the defendant was lying on top of her, and that he rubbed his " 'private' " against her " 'private.' " On cross-examination, however, she testified that she did not know what a " 'private' " is, and she could not identify the part of the defendant's body and the part of her body that came into contact.

[¶ 3]  The investigating police officer testified to statements made by the defendant. He stated that although the defendant originally denied having sex with " 'the girls,' " upon further inquiry the defendant stated, " '[o]kay, I did it.' " The officer then asked the defendant if he had had intercourse with the victim, and the defendant said yes. The officer also asked the defendant, " '[d]id you ever put privates in [the victim's] privates,' " and the defendant answered affirmatively. The officer testified that the defendant stated that " 'he tried to do the same thing' " to the victim's sister, but he did not because the girls " 'ended up leaving.' "

[¶ 4]  The defendant did not object to the introduction of his statements into evidence. At the close of the State's case, however, he moved for a judgment of acquittal, arguing that the court could not consider the officer's testimony about his statements because the State had failed to satisfy its initial burden of proving the corpus delicti. Alternatively, he argued that the State's evidence, including the officer's testimony about his statements, failed to establish the elements of a gross sexual assault. Although the court did not explicitly reject the defendant's corpus delicti argument, the court's analysis demonstrates such a rejection. The court granted the motion for judgment of acquittal relating to the alleged offense against the sister, concluding on the basis of the sister's testimony and "the testimony of Officer Armstrong with respect to the statements made by [the

defendant] to him," that the State had failed to establish every element of a gross sexual assault. The court denied the motion relating to the victim, however, determining on the basis of " 'the testimony given by [the sister] as to her observations, coupled with the testimony of Officer Armstrong' " that the State had met its evidentiary burden. Subsequently, after the defendant rested, the court explained that "in my ruling in reference to the Motion for Judgment of Acquittal, I structured my consideration of the issue that way, as to whether the State had put in sufficient corpus delicti evidence to permit consideration by the Court of the testimony of the officer with respect to statements made by" the defendant. The court found the defendant guilty of the gross sexual assault of the victim. This appeal followed.[1]

## II.

[¶ 5] The State's burden of proving the corpus delicti has two prongs: (i) "the State must 'produce, exclusive of any confession or admission of the defendant, such credible evidence as will create a substantial belief that the crime charged has been committed by some person' "; and (ii) "the whole record, including any confessions or admissions made by the defendant, must contain sufficient evidence to establish corpus delicti beyond a reasonable doubt." *State v. York,* 1997 ME 209, ¶ 8, 704 A.2d 324, 326 (quoting *State v. Curlew,* 459 A.2d 160, 165 (Me.1983)). Although we have expressed "a strong preference for proof of the corpus delicti prior to admitting in evidence a confession or admission of the defendant," we have reserved for the trial court's discretion the order of proof pursuant to the corpus delicti rule. *See State v. Curlew,* 459 A.2d 160, 164 (Me.1983).

[¶ 6] The defendant contends that the State's evidence, exclusive of his statements, did not suffice to create a substantial belief that a gross sexual assault of the victim was committed by someone. To gain admission of a defendant's statement into evidence, "the State must introduce sufficient evidence to warrant a substantial belief that someone committed the offense [charged] ... upon the person named in the indictment." *Id.* at 165. We impose this preliminary evidentiary burden on the State to preclude "the use of a defendant's confession alone to convict him of a crime" and "to prevent a conviction when no crime has in fact occurred." *State v. Reed,* 676 A.2d 479, 481 (Me.1996). We have cautioned that a substantial belief requires neither proof beyond a reasonable doubt nor proof by a fair preponderance of the evidence; rather, the substantial belief standard " 'resembles the probable cause standard.' " *Id.* (quoting *Curlew,* 459 A.2d at 165). "In the context of the corpus delicti rule, '[p]robable cause exists where facts and circumstances within the knowledge of the [fact finder] ... would warrant a prudent and cautious person to believe' that the crime was committed by someone." *Id.* (quoting *State v. Enggass,* 571 A.2d 823, 825 (Me.1990)).

[¶ 7] Pursuant to 17–A M.R.S.A. § 253(1), "[a] person is guilty of gross sexual assault if that person engages in a sexual act with another person and ... [t]he other person, not the actor's spouse, has not in fact attained the age of 14 years." A "sexual act" is "[a]ny act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other." 17–A M.R.S.A. § 251(1)(C)(1) (Supp.1997). The State's evidence, exclusive of the defendant's statements, consisted of: the victim's testimony that the defendant removed some unspecified articles of her clothing; the sister's testimony that the victim dared the defendant to " 'hump' " her; the sister's testimony that the defendant removed the victim's clothes and his clothes and then " 'started doing it ... [h]umping at [the victim]' "; and the sister's testimony that she did not see anything happen between the victim and the defendant.

[¶ 8] "Whether the facts as found by the trial court are sufficient to establish 'probable cause' to believe that a crime has been committed by someone is a question of

---

1. We directly review the judgment of the District Court when the Superior Court acts as an inter-mediate appellate court. *See State v. Spaulding,* 1998 ME 29, ¶ 4, 707 A.2d 378, 378.

law" that we review de novo, but we review the court's factual findings only for clear error. *Reed,* 676 A.2d at 482. Implicit in the court's denial of the defendant's motion for a judgment of acquittal on the basis of the corpus delicti rule is a factual finding that the sister actually saw the defendant in physical contact with the victim when they were undressed.[2] There were inconsistencies in the sister's testimony about what she had seen. The court had to decide if these inconsistencies precluded a factual finding that the sister saw the activity that she described. The court decided that the inconsistencies did not preclude such a finding. We defer to the trial court's "opportunity to view witnesses and assess their credibility." *State v. Coombs,* 1998 ME 1, ¶ 7, 704 A.2d 387, 390. Because " '[i]t is for the fact finder to decide the credence to be given the various witnesses and their testimony,' " *State v. Webb,* 673 A.2d 1345, 1346 (Me.1996) (quoting *State v. Reardon,* 486 A.2d 112, 117 (Me.1984)), we cannot conclude that the court committed clear error by finding that the sister's testimony was based on personal observation.

◼ [¶ 9] Moreover, the court's decision to credit the sister's testimony is not discordant with its acquittal of the defendant of the charge involving her. A motion for a judgment of acquittal tests whether the State's evidence would permit a fact finder to find that every element of the charged offense had been proven beyond a reasonable doubt. *See State v. Ardolino,* 1997 ME 141, ¶ 21, 697 A.2d 73, 80; *see also* M.R. Crim P. 29(a) ("The court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses."). According to the investigating police officer, the defendant confessed to a sexual act with the victim and denied such an act with the sister. Thus, the only evidence as to the alleged offense against the sister consisted of her testimony that the defendant lay on top

of her and rubbed an unidentified part of his body against an unidentified part of her body. The court's determination that the sister's testimony, by itself, failed to establish beyond a reasonable doubt the occurrence of a "sexual act," as defined by statute, between her and the defendant did not preclude the court from concluding that the sister was a credible witness in her description of the defendant's conduct.

[¶ 10] We therefore must determine whether a prudent and cautious person could believe that the victim had suffered a gross sexual assault on the basis of the State's evidence that the defendant, the victim, and the victim's sister were playing "truth or dare"; that the victim dared the defendant to have sex with her; that the defendant removed her clothing and his clothing; and that the sister observed the defendant " 'doing it . . . [h]umping at [the victim].' " Mindful that a substantial belief that a crime has occurred does not require proof beyond a reasonable doubt or proof by a preponderance of the evidence, and that circumstantial evidence often suffices to meet these higher standards, we conclude that these facts would warrant a prudent and cautious person to form a substantial belief that there was direct physical contact between the genitals of the defendant and the genitals of the victim. The court did not err in its determination that the State had met its burden to prove the corpus delicti pursuant to the substantial belief standard. There was a proper basis for the introduction of the defendant's admissions.

### III.

◼ [¶ 11] We reject the defendant's contention that the record in its entirety does not contain sufficient evidence to support his conviction of gross sexual assault. When examining the sufficiency of the evidence, we review the evidence "in the light most favorable to the State to determine whether a trier of fact rationally could find beyond a

---

2. The trial court explained only that it denied the defendant's corpus delicti challenge to the admission of his statements on the basis of what the sister "observed vis-a-vis [the defendant] and [the victim]." This explanation was part of the court's corpus delicti analysis after the defendant rested.

reasonable doubt every element of the offense charged." *State v. Beaudet*, 1997 ME 133, ¶ 4, 696 A.2d 436, 438. The sister testified that the victim dared the defendant to have sex with her. The victim and her sister both testified that the defendant removed some of the victim's clothing. The investigating officer testified that although the defendant originally denied having sex with the victim, upon further inquiry the defendant stated, " '[o]kay, I did it,' " The officer then asked the defendant if he had had intercourse with the victim, and the defendant said yes. The officer also asked the defendant, " '[d]id you ever put privates in [the victim's] privates,' " and the defendant answered affirmatively. Based on these facts, the court rationally could have found beyond a reasonable doubt that the defendant had engaged in genital-to-genital contact with the victim, who was not his spouse [3] and who had not yet attained the age of fourteen. The defendant's conviction is supported by sufficient evidence.

The entry is:

Judgment affirmed.

---

**3.** The State established through the investigating officer that the defendant was not married.