1999 ME 198

**STATE of Maine**

v.

**Corey J. CHILD.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 30, 1999.
Decided Dec. 30, 1999.

Norman R. Croteau, Joseph M. O'Connor, South Paris, for State.

Ron E. Hoffman, Rumford, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Corey Child appeals from a judgment entered in the Superior Court (Oxford County, *Delahanty, J.*) following a jury trial in which he was found guilty of burglary (Class B) in violation of 17–A M.R.S.A. § 401 (1983 & Supp.1998)[1] and aggravated assault (Class B) in violation of 17–A M.R.S.A. § 208 (1983).[2] On appeal, Child challenges the sufficiency of the evidence and contends that the trial court committed obvious error in its jury instruction on the elements of burglary. We affirm.

[¶ 2] The jury heard the following relevant testimony. In early June 1998, Christopher Jack went to Adam Boutot's house and engaged in a physical altercation with Boutot. The subject of the altercation was a mutual girlfriend, Tabitha Pylican. Boutot and Pylican discussed the altercation with Child and Clark Bonney. Both Child and Bonney were upset by Jack's actions and told Pylican that "they were going to pay [Jack] back for what he did to Boutot." Pylican warned Jack of this threat.

[¶ 3] On June 8, 1998, Child and Bonney went to Jack's residence. On seeing them outside, Jack retreated to his bedroom and had a friend, Alan Wing, answer the door. Wing opened the door slightly, braced his foot against it, and stated that Jack was not home. Child and Bonney pushed open the door, causing Wing to fall back into a fish tank. Wing ended up on the floor, and testified that he was kicked several times. Looking through the crack at the bottom of his bedroom door, Jack saw boots kicking Wing and confirmed Wing's testimony. As a result of the altercation, Wing was required to undergo surgery to repair numerous fractured bones in his face.

[¶ 4] Bonney testified that Child was the only person who kicked Wing. After the altercation, Child told an acquaintance, Corey Williams, "[l]ook at my boots. I kicked [Wing's] nose right off his face." Williams then saw blood on the toe of Child's right boot. Child also later told Boutot that he had to get rid of his boots and did so by burning them and throwing the remains away.

[¶ 5] When examining the sufficiency of the evidence, we review the evidence "in the light most favorable to the State to determine whether a trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *See State v. Chad B.*, 1998 ME 150, ¶ 11, 715 A.2d 144, 147–148 (quoting *State v. Beaudet*, 1997 ME 133, ¶ 4, 696

1. The pertinent portions of Section 401 provide:
   1. A person is guilty of burglary if he enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein.
   2. Burglary is classified as:
   ....
   B. A Class B crime if:
   ....
   (3) The violation was against a structure that is a dwelling place.
   17–A M.R.S.A. § 401 (1983 & Supp.1998).

2. The pertinent portions of Section 208 provide:

1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:
   A. Serious bodily injury to another; or
   ....
   C. Bodily injury to another under circumstances manifesting extreme indifference to the value of human life. Such circumstances include, but are not limited to, the number, location or nature of the injuries, the manner or method inflicted, or the observable physical condition of the victim.
2. Aggravated assault is a Class B crime.
17–A M.R.S.A. § 208 (1983).

A.2d 436, 438). The factfinder is entitled to "draw all reasonable inferences from the evidence," *State v. Michaud,* 1998 ME 251, ¶ 11, 724 A.2d 1222, 1228 (quoting *State v. Wells,* 658 A.2d 654, 656 (Me. 1995)), and we will vacate a guilty verdict only where "no trier of fact rationally could find proof of guilt beyond a reasonable doubt." *State v. Durgan,* 467 A.2d 165, 166 (Me.1983) (quoting *State v. Flick,* 425 A.2d 167, 169 (Me.1981)).

[¶ 6] The testimony, read in the light most favorable to the prosecution, shows that Child went to Jack's residence to pay Jack back for causing harm to Boutot, forced his way into Jack's residence and proceeded to physically attack Wing. The attack caused Wing to suffer and undergo surgery for numerous broken facial bones. After the altercation, Child discarded his boots to cover up his actions and even boasted to Williams about kicking Wing. Thus, it is clear that the foregoing testimony provided the jury with sufficient evidence that Child committed both burglary and aggravated assault.

[¶ 7] Child's second contention is that the trial court's instruction to the jury on the elements of burglary constituted error. Because Child made no objection to this instruction at trial, we review the instruction for obvious error pursuant to M.R.Crim. P. 52(b).³ *See State v. Googins,* 640 A.2d 1060, 1062 (Me.1994). To vacate a judgment on the basis of obvious error, we must determine that "the offending instruction *when reviewed with the charge as a whole constituted highly prejudicial error tending to produce manifest injustice.*" *Id.* (quoting *State v. Weidul,* 628 A.2d 135, 137 (Me.1993)) (emphasis added).

[¶ 8] We have broken down the burglary statute into four elements that the prosecution must prove beyond a reasonable doubt: "(1) entry (2) of a structure (3) with the knowledge that the entry is not li-

censed and (4) with the intent to commit a crime within the structure." *State v. Thibeault,* 402 A.2d 445, 448 (Me.1979).

[¶ 9] Child contends that the trial court erred in its instruction on the fourth element of burglary, intent to commit a crime within the structure. The disputed sentence of the instruction reads, "the culpable mental state for burglary must be *intent in knowing that he was not licensed to commit a crime,* and knowing that he was not licensed to be there." (Emphasis added.) This statement, when viewed in isolation, is erroneous. It misstates the law by permitting a jury to find intent simply by finding that Child knew he was not licensed to commit a crime. It ignores the importance of the *timing* of the intent because one is *never* licensed to commit a crime.

[¶ 10] When reviewed with the instructions as a whole, however, the disputed statement falls short of obvious error. The trial court accurately set out the fourth element of burglary on four separate occasions in its instructions. First, the court stated that "[a] person is guilty of burglary if he enters a structure knowing that he is not licensed or privileged to do so *with the intent to commit a crime therein.*" (Emphasis added.) Second, the trial court addressed the timing of the intent to commit a crime element, stating:

> In order to find each of the, or either of the defendants guilty of the offense of burglary, you must be satisfied that the State has proven the following facts to you beyond a reasonable doubt: That ... *at the time the defendant entered* he had the intent, that is the culpable mental state, to commit a crime therein.

(Emphasis added.) Third, the trial court restated the importance of the timing of the intent to commit a crime element:

> So the State must prove to you that he entered a structure ... and *at the time*

---

**3.** Rule 52(b) provides:

> **(b) Obvious Error.** Obvious errors or defects affecting substantial rights may be

noticed although they were not brought to the attention of the court.

*they entered* they had the intent to commit a crime. *Not that they formed the intent afterwards, but at the time that they in fact did enter.*

(Emphasis added.) Finally, the jury asked the trial court for a clarification on the timing of the intent to commit a crime element of burglary and the court responded, "[i]t is not burglary if a person enters without permission but does not have the intent to commit the crime *when he enters* and a crime occurs after entry." (Emphasis added.)

[¶ 11] These four statements are significant in that they accurately state the "intent to commit a crime" element of burglary. More importantly, three of these statements specifically address the significance of the *timing* of that intent, negating any potential misunderstanding created by the challenged statement. For these reasons, the trial court effectively negated its erroneous statement on intent.

[¶ 12] Reviewing the instructions as a whole, the trial court accurately stated the elements of burglary several times. As a result, the challenged sentence, when considered with the instructions as a whole, does not constitute obvious error producing manifest injustice.

The entry is:

Judgment affirmed.