2002 ME 35

**STATE of Maine**

v.

**Adam KNIGHT.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 28, 2002.
Decided:  Feb. 25, 2002.

Geoffrey A. Rushlau, Disrict Attorney, Leana Zainea, Deputy Dist. Atty., Belfast, for State.

William L. Dawson Jr., Esq., Belfast, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Adam Knight appeals from a conviction after a jury trial in the Superior Court (Waldo County, *Marsano, J.*) on one count of Aggravated Criminal Trespass, Class C, 17–A M.R.S.A. § 402–A(1)(A),[1] and one count of Assault, Class C, 17–A M.R.S.A. § 207(1)[2] and § 1252(4–A).[3] Knight argues that the Superior Court: (1) admitted testimony about his statements to law enforcement officers that should have been barred by the corpus delicti rule; (2) admitted testimony about his interactions with the police more than an hour after the events at issue in violation of M.R. Evid. 401, 403 and 404(b); (3) failed to instruct the jury on the issue of implied invitation; and (4) entered the judgment of conviction despite insufficient evidence. Finding that the record adequately supports the Superior Court's rulings and the convictions, we affirm.

## I. CASE HISTORY

[¶ 2] Adam Knight had a long-term relationship with his girlfriend. From this relationship they had two children, the oldest of whom was two and one half years old.

[¶ 3] Approximately a week before the incident at issue, Knight and his girlfriend had separated after an altercation. As a result of the altercation, Knight's girlfriend was charged with a crime and subject to a bail condition that she have no

---

1. 17–A M.R.S.A. § 402–A (Supp.2001) provides, in relevant part:

   **Aggravated criminal trespass**
   1. A person is guilty of aggravated criminal trespass if, knowing that that person is not licensed or privileged to do so, that person enters a dwelling place and:
   A. While in the dwelling place violates any provision of chapter 9 or chapter 11; or
   B. At the time of the offense, has 2 prior convictions for burglary in a dwelling place or criminal trespass in a dwelling place. For purposes of this paragraph, the dates of the prior convictions must precede the commission of the offense by no more than 10 years. The date of a conviction is deemed to be the date that sentence is imposed, even though an appeal was taken. The date of a commission of a prior offense is presumed to be that stated in the complaint, information, indictment or other formal charging instrument, notwithstanding the use of the words "on or about" or the equivalent.

2. 17–A M.R.S.A. § 207(1) (1983) provides that: "[a] person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another."

3. 17–A M.R.S.A. § 1252(4–A) (Supp.2001) provides:

If the State pleads and proves that, at the time any crime, excluding murder, under chapter 9, 11, 13 or 27 was committed, the defendant had been convicted of 2 or more crimes violating chapter 9, 11, 13 or 27 or essentially similar crimes in other jurisdictions, the sentencing class for the crime is one class higher than it would otherwise be. In the case of a Class A crime, the sentencing class is not increased, but the prior record must be given serious consideration by the court when imposing a sentence. For purposes of this subsection, for violations under chapter 11, the dates of the prior convictions may have occurred at any time. For purposes of this subsection, for violations under chapter 9, 13 or 27, the dates of the prior convictions must precede the commission of the offense being enhanced by no more than 10 years, although both prior convictions may have occurred on the same date. This subsection does not apply if the 2 prior offenses were committed within a 3–day period. The date of a conviction is deemed to be the date that sentence is imposed, even though an appeal was taken. The date an offense was committed is presumed to be the date stated in the complaint, information or indictment, notwithstanding the use of the words "on or about" or the equivalent.

contact with Knight. Knight then left the State for his construction work.

[¶ 4] He returned to Maine and began looking for his girlfriend and their children in the early morning hours of July 15, 2000. Sometime before 5:30 a.m., on July 15, Knight arrived at his girlfriend's sister's home on the Weed Road in Knox. After receiving no answer when he knocked on the front door, Knight proceeded around the house to the window of a bedroom where his girlfriend's sister and the sister's boyfriend were sleeping. Knight yelled to the boyfriend and touched his shoulder through the open window, asking the boyfriend to let him into the house. While subject to conflicting testimony at trial, the evidence would support a finding that the boyfriend then told Knight that it was not a good idea for him to come into the house and that he should not come into the house.

[¶ 5] Knight then went to another window, looked in, and saw his daughter sleeping on a mattress on the floor and his girlfriend sleeping on the couch. Knight yelled at his girlfriend to get up. When she moved, Knight saw that his girlfriend and another man had been lying together naked on the couch. Knight then "lost it," entering the room directly through the open window.

[¶ 6] There is dispute as to what occurred next. The other man, the victim of the assault, testified that Knight beat him about the head as he was trying to get up from the couch. Knight's girlfriend testified that Knight never touched the other man who quickly fled from the room and to a friend's residence while Knight, who the girlfriend testified was "a pretty big boy," was squeezing in through the window.

[¶ 7] By this time, the other adults in the house were awake and the police had been summoned. Knight and his girlfriend then had a verbal and physical confrontation that ended when the girlfriend "head butted" Knight, causing his nose to bleed, getting blood on his face and her legs.

[¶ 8] Shortly thereafter, the first police officer, Benjamin Seekins of the Waldo County Sheriff's Office, arrived on the scene. Knight was separated from the others at the residence. Seekins called for back-up and began speaking with the other adults present. As the back-up officers were arriving, Knight stepped forward and, according to Seekins's testimony, opened his arms and yelled, "Do you want a piece of me?" Seekins began interviewing Knight and then arrested Knight and put him in the back of Seekins's cruiser. Seekins also arrested Adam Knight's brother, Vernon Knight, and put him in the back of the same cruiser. Seekins testified that Adam Knight then began banging his head against the window of Seekins's cruiser while Vernon Knight smashed the window. The Knight brothers were then separated and transported to jail.

[¶ 9] Adam Knight was subsequently indicted on the criminal trespass and assault charges. A jury trial was held on March 28, 2001. At the trial, over Knight's objection that the corpus delicti rule was being violated, the court admitted Knight's statements to the police on the day of the event. Also, over Knight's objections based on M.R. Evid. 401 and 403, the court admitted evidence of Knight's "Do you want a piece of me?" statement and of his banging his head against the window of the police cruiser, which had occurred at least an hour after the events for which Knight was being tried. The jury convicted Knight on both counts. After sentencing, he brought this appeal.

## II.  DISCUSSION

### A.  The Corpus Delicti Rule

[¶ 10] Knight asserts that, at least as to the criminal trespass charge,

the evidence that a criminal trespass had been committed, independent of Knight's statement, was insufficient to justify use of Knight's statements to the police. The corpus delicti rule places an evidentiary burden on the State to prevent convictions based solely upon the admissions of a defendant. *State v. Anglin*, 2000 ME 89, ¶ 9, 751 A.2d 1007, 1011; *State v. Chad B.*, 1998 ME 150, ¶ 6, 715 A.2d 144, 146.

■ [¶ 11] To use statements by a defendant over a corpus delicti-based objection, the State must present, exclusive of any admissions or confessions of a defendant, sufficient evidence to create a substantial belief that the crime charged has been committed by some person. *Anglin*, 2000 ME 89, ¶ 9, 751 A.2d at 1011; *Chad B.*, 1998 ME 150, ¶ 5, 715 A.2d at 146. The degree of proof required for a substantial belief is similar to the probable cause standard. *Anglin*, 2000 ME 89, ¶ 9, 751 A.2d at 1011; *State v. Reed*, 676 A.2d 479, 481 (Me.1996). Probable cause, in the context of a corpus delicti issue, " 'exists where facts and circumstances within the knowledge of the [factfinder] .... would warrant a prudent and cautious person to believe' that the crime was committed by someone." *Reed*, 676 A.2d at 481 (quoting *State v. Enggass*, 571 A.2d 823, 825 (Me. 1990)).

■ [¶ 12] The entire record of the proceedings may be reviewed to determine if sufficient independent evidence exists.

While we have stated a "strong preference" for proof of corpus delicti prior to admitting evidence of a defendant's confession or admission, we have recognized the trial court's discretion to control the order of proof pursuant to the corpus delicti rule. *Chad B.*, 1998 ME 150, ¶ 5, 715 A.2d at 146; *State v. Curlew*, 459 A.2d 160, 164 (Me.1983); M.R. Evid. 611(a). Accordingly, the independent evidence to establish a substantial belief that the crime charged had been committed by someone need not be presented before a defendant's statement is offered, as long as that evidence is presented at some time during the course of the trial.[4]

[¶ 13] Knight argues that the court improperly admitted evidence of his statements before the record contained sufficient independent evidence that the crime of criminal trespass had been committed, because the officer testifying to the defendant's statements was called prior to other witnesses whose evidence related to the commission of the crime. However, as noted above, M.R. Evid. 611(a) permits the trial court to control the order of proof and permits an offer of the challenged statements prior to the time when independent evidence of the commission of the charged offense by some person is presented. *Chad B.*, 1998 ME 150, ¶ 5, 715 A.2d at 146; *Curlew*, 459 A.2d at 164.

[¶ 14] Knight also argues that there is insufficient evidence to support the criminal trespass charge, because there is no

4. The corpus delicti rule is often discussed as a "two prong" test with the first "prong" requiring that for admission of any confession, the record contain, independent of any statement by the defendant, sufficient evidence to establish a substantial belief that the crime had been committed by someone, and with the second "prong" being that "the whole record, including any confessions or admissions made by the defendant, must contain sufficient evidence to establish the corpus delicti beyond a reasonable doubt." *State v.* *Chad B.*, 1998 ME 150, ¶ 5, 715 A.2d 144, 146 (quoting *State v. York*, 1997 ME 209, ¶ 8, 704 A.2d 324, 326). However, this second "prong" is really redundant of the sufficiency of the evidence standard of review that applies in any criminal case. The one essential prerequisite for admission of a defendant's statement, where corpus delicti is an issue, is that there be, independent of any statements of the defendant, sufficient evidence to create a substantial belief that the crime charged has been committed by some person.

evidence of forced entry. However, a criminal trespass charge is premised on a defendant's knowledge that entry is not licensed or privileged, not that the entry is forced.

[¶ 15] In this case, the evidence that Knight knew that he was not licensed or privileged to enter the home at the time he appeared included: (1) the fact that he appeared in the early morning hours, before 5:30 a.m., when the residents might reasonably be expected to be sleeping and would not want to be disturbed; (2) Knight's knowledge of his girlfriend's bail condition that she have no contact with him and thus might not want him in her presence; (3) the sister's boyfriend's testimony that he had said to Knight that it was not a good idea for him to enter the house and that he should not enter the house at the time; (4) Knight's angry entry through a window; and (5) the fact that Knight arrived accompanied by his brother, suggesting he believed that he might need support on his early morning adventure and that his entry into the home would not be welcomed by those present in the household. The other elements of aggravated criminal trespass, the entry and the assault, are amply established by the evidence.

[¶ 16] While some of this evidence was disputed by testimony that Knight did have permission to enter the house, the record does contain sufficient evidence upon which a factfinder could determine that Knight knew that he was not licensed or privileged to enter his girlfriend's sister's home when he did so and that while in the home he committed the crime of assault, 17–A M.R.S.A. § 207(1) (1983), which is violative of a provision of chapter 9 of the Criminal Code.

[¶ 17] With the defendant's statements, and perhaps even without them, a jury could conclude that the evidence was sufficient to establish, beyond a reasonable doubt, that the charged crimes had been committed by Knight.

B.  Evidence of Other Events

■ [¶ 18] At trial, Knight objected to admission of the evidence of his actions around the time the back-up officers arrived, on grounds of relevance, M.R. Evid. 401, and undue prejudice, M.R. Evid. 403. On appeal, Knight adds the argument that this evidence should not have been admitted because it constitutes evidence of other acts of wrongdoing. M.R. Evid. 404(b).

[¶ 19] The evidence of these subsequent events was relevant because it reflected Knight's continuing state of mind and, thus, related to the mens rea elements that the State had to prove for both the criminal trespass and assault charges. While the court could, in the exercise of its discretion, have excluded the evidence of these events subsequent to the assault and trespass incident, it did not act outside of its discretion in admitting that evidence because the evidence could reasonably be construed as reflective of Knight's continuing state of mind. Furthermore, no obvious error is demonstrated to support the M.R. Evid. 404(b) objection raised by Knight for the first time on this appeal. *See* M.R.Crim. P. 52(b).

C.  Jury Instruction

■ [¶ 20] For the criminal trespass charge, the court instructed the jury that the State had the burden to prove, beyond a reasonable doubt, that Knight knew he did not have a license or privilege to enter the home. Knight's counsel requested a separate jury instruction on an implied invitation to enter property. Based on the testimony at trial, there was a dispute of fact as to whether Knight needed permission to enter the home or whether he had been given prior permission by the tenant,

Knight's girlfriend's sister. Evidence that Knight had been given permission previously to enter the home was relevant to the question of whether there was a reasonable doubt that Knight knew he was not licensed or privileged to enter the home. In this context, the court's instruction on the elements that the State must affirmatively prove beyond a reasonable doubt to obtain a conviction was sufficient. The court was not required to provide a separate instruction implying that the State must separately disprove any facts that the defense believes may create a reasonable doubt. *See State v. Rich*, 592 A.2d 1085, 1089 (Me.1991).

[¶ 21] Although the court could have declined to give any additional instruction beyond the basic instruction on criminal trespass, in this case the court accommodated Knight's request with an expansion of the definitions of license and privilege to address Knight's implied invitation point. The court disclosed this language to counsel prior to issuing the instruction, asking if counsel wanted to be heard regarding the court's additional language. Knight's counsel declined the invitation for further comment. Thus, any objection to the court's instruction was not preserved. The instruction given by the court was more than sufficient to properly instruct on the issue of the elements of criminal trespass and accommodate the points raised by Knight's counsel. It was not error.

The entry is:

Judgment affirmed.