MAINE SUPREME JUDICIAL COURT                                  Reporter of Decisions
Decision:      2015 ME 144
Docket:        Pen-15-161
Submitted
  On Briefs:   October 21, 2015
Decided:       November 12, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, <u>JABAR</u>, and HJELM, JJ.

## STATE OF MAINE

v.

## DALE J. SAUCIER

JABAR, J.

[¶1]  Dale J. Saucier appeals from a judgment of conviction for aggravated assault (Class B), 17-A M.R.S. § 208(1)(C) (2014), and domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2014), entered in the Unified Criminal Docket (Penobscot County, *A. Murray, J.*) after a jury-waived trial.  We reject his challenge to the sufficiency of the evidence, and affirm.

## I.  BACKGROUND

[¶2]  The following facts were found by the court beyond a reasonable doubt, and are fully supported by the evidence in the record.  On August 19, 2014, Saucier and the victim, a woman with whom Saucier was in a relationship, became involved in an argument that escalated into a physical altercation.  Saucier threw a television remote at the victim, and the victim threw some chips at Saucier.

2

Saucier grabbed the victim's ponytail with one hand and strangled her with the other hand.

[¶3]  Saucier squeezed the victim's neck for approximately eight seconds with sufficient force and strength to impede her breathing.  While Saucier was strangling her, the victim felt pressure behind her eyes, felt light-headed, and thought she was going to lose consciousness.  The strangling lasted long enough and was forceful enough to leave red marks on the victim's neck, and to affect her voice for several days.  During the assault, and while Saucier's hand was on her neck, the victim was talking and yelling.

[¶4]  Saucier was indicted for one count of aggravated assault and one count of domestic violence assault.  He waived his right to a jury trial, and the court held a bench trial on March 20, 2015.  At the close of the evidence, the court found Saucier guilty of both crimes.  The court sentenced him to two years' imprisonment for the aggravated assault conviction, and to a concurrent term of nine months' imprisonment for the domestic violence assault conviction.[1]

[¶5]  Saucier timely appealed.

---

[1]  Although the docket record and the judgment and commitment form do not reflect that Saucier's sentences were to run concurrently, the transcript of the proceeding establishes that the court actually imposed concurrent sentences.  We direct an amendment of the docket and the judgment and commitment form to correctly reflect the concurrent term of the sentences that the court imposed.

## II. DISCUSSION

[¶6] "When examining the sufficiency of the evidence, we review the evidence in the light most favorable to the State to determine whether a trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Child*, 1999 ME 198, ¶ 5, 743 A.2d 230 (quotation marks omitted). Saucier was charged with committing aggravated assault pursuant to 17-A M.R.S. § 208(1)(C), which defines the offense as follows:

> A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes . . . [b]odily injury to another under circumstances manifesting extreme indifference to the value of human life. Such circumstances include, but are not limited to, the number, location or nature of the injuries, the manner or method inflicted, the observable physical condition of the victim or the use of strangulation. For the purpose of this paragraph, "strangulation" means the intentional impeding of the breathing or circulation of the blood of another person by applying pressure on the person's throat or neck.

[¶7] Saucier contends that the evidence was not sufficient to support a finding that he assaulted the victim under circumstances manifesting extreme indifference to the value of human life. He argues that the strangulation incident did not demonstrate extreme indifference because it only lasted for eight seconds, and did not constitute "strangulation" within the meaning of section 208(1)(C) because the victim was able to talk and yell while she was being strangled. We disagree.

4

[¶8] Section 208(1)(C) plainly defines strangulation as an application of force to a person's throat or neck that is sufficient to impede the person's breathing or circulation. The statute includes strangulation as a circumstance that manifests extreme indifference to the value of human life. Here, the victim's testimony supports the court's finding that Saucier applied enough force to the victim's neck to impede her breathing, and that evidence is sufficient to support Saucier's conviction for aggravated assault.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Randy G. Day, Esq., Garland, for appellant Dale J. Saucier

R. Christopher Almy, District Attorney, and Tracy Collins, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine

Penobscot Unified Criminal Docket docket number CR-2014-3008
FOR CLERK REFERENCE ONLY