### STATE of Maine

*v.*

### Norman DICKINSON.

Supreme Judicial Court of Maine.

Submitted on Briefs June 9, 1995.

Decided July 11, 1995.

Stephanie P. Anderson, Dist. Atty., Julia A. Sheridan, Asst. Dist. Atty., Portland, for State.

Norman E. Dickinson, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

CLIFFORD, Justice.

Norman Dickinson appeals from an April 1990 sentence imposed by the Superior Court (Cumberland County, *Cole, J.*) following the entry of his pleas of guilty to kidnapping (Class A), 17–A M.R.S.A. § 301(1) (1983), robbery (Class A), 17–A M.R.S.A. § 651(1) (1983), and two counts of criminal threatening with a dangerous weapon (Class C), 17–A M.R.S.A. §§ 209, 1252 (1983 & Supp.1994). Because the record is inadequate to review due to the loss of the court reporter's notes, we vacate the sentences and remand to the Superior Court for resentencing.

The pleas were entered pursuant to a plea agreement between the State and Dickinson. The agreement called for twenty-year sentences on the Class A offenses, with all but ten years suspended, followed by five years of probation, and five-year sentences for the Class C offenses, all to be served concurrently. Dickinson was free to argue for less than the maximum cap. Six counts were dismissed as part of the plea agreement. The court accepted the pleas and imposed sentences in accordance with the agreement. No appeal of sentence was filed at that time.

In 1992, Dickinson filed a petition for post-conviction review, *see* 15 M.R.S.A. §§ 2121–2132 (Supp.1994), alleging ineffective assistance of counsel. He contended that his attorney failed to (1) assure that he understood the meaning and application of the plea agreement cap recommendation, (2) argue for less unsuspended jail time than the ten-year cap recommendation, and (3) inform him of his right to appeal the sentence.

The Superior Court (*Crowley, J.*) found that Dickinson failed to establish the grounds stated in his petition except that he was misinformed by his attorney that a sentence appeal could result in a more severe sentence. The court allowed Dickinson to apply to the Law Court for a review of his sentence on this basis and denied his petition in all other respects.[1] *See* 15 M.R.S.A. §§ 2151–2157 (Supp.1994); M.R.Crim.P. 40(b). The Sentence Review Panel granted his application for leave to appeal his sentence.

 Even if a sentence is agreed on by the parties, it is subject to appellate review and must still be "demonstrably appropriate

---

1. Dickinson's request for a certificate of probable cause in his post-conviction review proceedings was denied. *See* 15 M.R.S.A. § 2131 (Supp. 1994); M.R.Crim.P. 76.

to the circumstances of the case." *State v. Tellier*, 580 A.2d 1333, 1336 (Me.1990). In order to review a sentence, however, we must receive "a record adequate to permit a fair consideration of the issues presented." *State v. Thwing*, 487 A.2d 260, 262 (Me.1985); *Tellier*, 580 A.2d at 1336 (sentence record must reflect sufficient information to demonstrate basis for sentence and to permit appellate review).

 In this case, there is no transcript of Dickinson's sentencing hearing. Generally, it is the burden of the appellant to supply an adequate record on appeal, and in the absence of an adequate record, the appeal will fail. *Thwing*, 487 A.2d at 262; *see* M.R.Crim.P. 39(b). Here, however, the court reporter who recorded the sentencing hearing lost his notes and was unable to transcribe it.

 The State contends that Dickinson's failure to prepare a record pursuant to Rule 39(b)[2] should preclude his appeal. We disagree. Since it would be an unusual case for anything but a transcript of the sentencing hearing to constitute an adequate record for a sentence appeal, Dickinson would have to reconstruct the entire hearing. Moreover, Dickinson's attorney at sentencing, whose effort normally would be essential to reconstructing the record pursuant to Rule 39(b), has been accused by Dickinson of providing ineffective assistance at the sentencing. Because of the absence of a transcript in the circumstances of this case, the record is inadequate to allow proper appellate review. Accordingly, we vacate the sentences and remand to the Superior Court for resentencing.

The entry is:

Sentences vacated. Remanded to the Superior Court for resentencing.

All concurring.

---

**2.** M.R.Crim.P. 39(b) provides in pertinent part:
In the event a stenographic report of the evidence or proceedings at a hearing or trial is unavailable, appellant's counsel may prepare a statement of the evidence or proceedings from the best available means, including counsel's recollection, for use instead of a reporter's transcript.