1997 ME 133

**STATE of Maine**

v.

**Manley BEAUDET.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 13, 1997.

Decided June 12, 1997.

---

Norman R. Croteau, District Attorney, Craig E. Turner, Deputy Dist. Atty., Auburn, for State.

Gerard O. Fournier, Michael W. Marley, Hark, Andrucki & Fournier, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

[¶ 1] Manley Beaudet appeals from the judgment entered in the Superior Court (Androscoggin County, Delahanty, J.) following a jury verdict finding him guilty of unlawful sexual contact (Class C), 17–A M.R.S.A. § 255(1)(C) (Supp.1988), *amended by* P.L. 1989, ch. 401, § A(6).[1] He argues the evidence is insufficient to sustain his conviction, or alternatively, the incompleteness of the record requires that a new trial be ordered. He further argues the court abused its discretion by denying his request for an updated presentence investigation. Beaudet also appeals from the judgment entered following his plea of guilty to the offense of failure to appear (Class C), 15 M.R.S.A. § 1091 (Supp. 1996),[2] but fails to argue the matter on appeal. We affirm the judgments.

[¶ 2] Testimony at Beaudet's trial established that in August 1988 Beaudet, age 28, went "skinny-dipping" at a swimming hole in Poland with two boys—the victim, age nine, and his younger brother, age eight. The victim testified that while in the water Beaudet picked him up, touched his "privates" and asked "Can I play with this?" The boy replied "no" and Beaudet put him down. The victim also testified that Beaudet gave each boy a dollar so that they would not tell their mother. The victim's younger brother confirmed these events, except the brother did not recall Beaudet's statement. A deputy sheriff testified that on the day after the crime Beaudet admitted he may have touched the boy's genitals by accident while lifting him over a log in the water, but denied giving the children money, claiming the boys had found the two dollars at the swimming hole. At the trial Beaudet repeated the story he had told the deputy sheriff and denied asking the victim if he could play with anything.

[¶ 3] After Beaudet was convicted the court ordered a presentence investigation and report. The report was completed and sentencing was scheduled for March 1989, but Beaudet failed to appear. Almost seven years later he was apprehended in Florida

---

1. 17–A M.R.S.A. § 255(1)(C)(Supp.1988), *amended by* P.L.1989, ch. 401, § A(6), provides that a person is guilty of unlawful sexual contact if he intentionally subjects another person to any sexual contact, and "[t]he other person, not his spouse, has not in fact attained his 14th birthday and the actor is at least 3 years older."

2. 15 M.R.S.A. § 1091 (Supp.1996) provides in pertinent part: "A defendant who has been admitted to ... post-conviction bail and ... fails to appear as required ... is guilty of a Class C crime if the underlying crime was punishable by a maximum period of imprisonment of one-year or more."

and extradited to Maine. In April 1996 the court denied Beaudet's request for an updated presentence investigation, but allowed him to submit supplemental information and materials and delayed sentencing for about one month so that he could do so. On May 20, 1996, Beaudet pleaded guilty to the offense of failure to appear and was sentenced for both that crime and the unlawful sexual contact conviction. Beaudet was sentenced to two and one-half years with all but one year suspended and three years probation for the unlawful sexual contact conviction, and to six months for his failure to appear, to be served consecutively.

[¶ 4] Beaudet contends the evidence is insufficient to sustain his conviction for unlawful sexual contact because the State failed to establish beyond a reasonable doubt that he *intentionally* touched the boy in a sexual manner, an element of the crime. He contends the evidence establishes merely that he touched the boy accidently, and because his "explanation" is sufficiently credible, it necessarily raises a reasonable doubt. Beaudet's contention is without merit. When examining the sufficiency of the evidence, we review it in the light most favorable to the State to determine whether a trier of fact rationally could find beyond a reasonable doubt every element of the offense charged. *State v. Marden,* 673 A.2d 1304, 1311 (Me. 1996). Viewing the evidence in such light reveals the jury rationally could find Beaudet groped the boy's genitals and asked if he could play with them; such conduct constitutes unlawful sexual contact.

[¶ 5] Beaudet next argues he is entitled to a new trial because the record is missing various portions of the transcript, including side bar conferences on objections, in-chambers discussions about jury instructions, oral argument on the defense's motions for acquittal, and the portion of the evidence read back to the jury at its request. Beaudet contends he is unable to ascertain potential grounds for appeal due to the missing portions of the trial record and the passage of considerable time since the trial. Again,

Beaudet's contention is without merit. First, the omissions are either reflected in other parts of the record or entail argument rather than evidence and are not crucial for appellate review. Second, any inconvenience incurred by Beaudet because some reporter's notes are missing is the result of the long hiatus between the trial and the appeal, a situation entirely of Beaudet's own making. This is not the type of prejudice meriting a new trial.

[¶ 6] Finally, Beaudet argues the court abused its discretion by denying his request for an updated presentence investigation. He contends his personal life significantly improved while living as a fugitive in Florida and that an updated psychological profile, among other things, would have more accurately reflected his current circumstances. The court's decision to order a presentence investigation and report is reviewed for an abuse of discretion. *See State v. Dyer,* 371 A.2d 1079, 1083 (Me.1977) (whether to order a presentence investigation and report is within the discretion of the trial court); M.R.Crim. P. 32(c). Here, the court allowed Beaudet to present supplemental information and material prior to sentencing, and despite the more than seven year delay between conviction and sentencing, provided him an additional month to prepare his submissions. In these circumstances we find no abuse of discretion. *Cf. State v. Tellier,* 580 A.2d 1333, 1336 (Me.1990) ("[A] strong case is made for the necessity of [ordering a presentence investigation and report] when the essential information is *not supplied by the parties* or made known to the court by some other means . . . .") (emphasis added).

The entry is:

Judgments affirmed.