2008 ME 174

STATE of Maine

v.

Donna M. HALL.

Supreme Judicial Court of Maine.

Argued: Oct. 30, 2008.
Decided: Nov. 25, 2008.

Steven A. Juskewitch, Esq. (orally), Ellsworth, ME, for Donna M. Hall.

Michael E. Povich, District Attorney, Mary N. Kellett, Asst. Dist. Atty., Paul F. Cavanaugh, II, Asst. Dist. Atty. (orally), Ellsworth, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY,* SILVER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1] Donna M. Hall appeals an adjudication of evasion of registration fees and excise taxes, 29-A M.R.S. § 514 (2007), entered in the District Court (Ellsworth, *R.Murray, J.*). Hall argues that the court improperly applied the statutory presumption that a person who has a child enrolled in public school in Maine is a resident of Maine. 29-A M.R.S. § 514(1). She also challenges the sufficiency of the evidence to support the court's conclusion that she was a resident of Maine on June 13, 2006, the date of the violation. The court's application of 29-A M.R.S. § 514(1) was not in error. We also conclude that there was sufficient evidence to support the court's conclusion that Hall was a resident of Maine. We therefore affirm the judgment.

## I. BACKGROUND

[¶ 2] This appeal arises out of the traffic infraction set forth in 29-A M.R.S. § 514, which states:

---

* Although not available at oral argument, Justice Levy participated in this opinion.

M.R.App. P. 12(a).

[a] person required to register a vehicle in this State who instead registers the vehicle in another state or province or who fails to register a vehicle in this State is guilty of evasion of registration fees and excise taxes. Violation of this section is a traffic infraction punishable by a fine of not less than $500 nor more than $1,000.

[¶3] On June 13, 2006, Hall was stopped while driving her vehicle with Louisiana license plates. She was issued a ticket for violating 29–A M.R.S. § 514. Hall contested the ticket, and a trial on the matter was conducted. The court found that Hall had committed the traffic infraction in section 514 because she was a Maine resident who was required to register her vehicle in Maine and had failed to do so in a timely manner. Hall timely appealed to this Court.

## II. DISCUSSION

■ [¶4] Section 514 only applies to "residents" of Maine.[1] "Resident," as defined in title 29–A, refers to: (1) "a person who has declared or established residency in the State," or (2) a person who "has been domiciled in the State for a period of at least 30 days." 29–A M.R.S. § 101(62) (2007).

■ [¶5] Domicile requires both a residence and intent to remain. *See Belanger v. Belanger*, 240 A.2d 743, 746 (Me.1968). Intent "is supported by statement of the person whose intent is in issue *and* proof of other facts from which intent may properly be inferred." *Id.* (emphasis added).

[¶6] For purposes of 29–A M.R.S. § 514, a person is presumed to be a resident of the State if that person has:

1. **Enrolled child in public school.** Enrolled a minor child of whom that person has sole or primary custody in a public school within the State.

29–A M.R.S. § 514(1) (2007).

[¶7] Hall argues that the court committed a legal error when it relied upon section 514(1) in concluding that she was a resident of the State of Maine. She points out that although she enrolled her child in a Maine public school when she had sole custody, she later lost her status as sole custodian of the child. At the time of the violation, the child remained enrolled in the same Maine public school, but Hall no longer had custody of the child.

[¶8] We review the factual findings of the court for clear error, and the court's legal conclusions based on those findings de novo. *Hamlin v. Niedner*, 2008 ME 130, ¶7, 955 A.2d 251, 253–54. With regard to the clear error standard, we have stated that "[t]he function of an appellate court is not to review a cold transcript and draw its own factual inferences; rather, appellate review of factual findings is limited to [an] investigation of the record before [the appellate court] to determine whether competent evidence exists to support the lower tribunal's factual conclusions." *Stickney v. City of Saco*, 2001 ME 69, ¶13, 770 A.2d 592, 600 (citations omitted). Due regard is given to the trial court's opportunity to judge the credibility of the witnesses. *Id.*

[¶9] The court made the factual finding that Hall's daughter "remained enrolled in the Dedham school during the 2005–2006 school year even after custody was ordered to [another party]." The record includes competent evidence for the court's factual finding that Hall's daughter

---

1. *See* 29–A M.R.S. § 109 stating that title 29–A M.R.S. § 514 does not apply to nonresidents.

was enrolled in public school in the 2005–2006 school year and that the enrollment was simply a continuation of the enrollment Hall made at a time when she still had custody. The court's finding is not clearly erroneous and its reliance upon section 514(1) is appropriate.

■ [¶ 10] Hall also argues that the evidence, taken as a whole, is insufficient to establish a violation of section 514 because there is insufficient evidence that she is a resident of Maine. When a party challenges the sufficiency of the evidence, we review the record, and reasonable inferences that may be drawn from the record, in the light most favorable to the trial court's judgment. *Pratt v. Spaulding,* 2003 ME 56, ¶ 10, 822 A.2d 1183, 1186. The meaning and weight given to the testimony of witnesses is for the fact-finder to determine and must be upheld unless clearly erroneous. *Jenkins, Inc. v. Walsh Bros.,* 2002 ME 168, ¶ 7, 810 A.2d 929, 933.

[¶ 11] Although Hall asserts that she is still a resident of Louisiana and intends to return there, the record contains more than sufficient evidence to rebut her statements and establish the opposite conclusion. Hall's intent to remain in Maine can be inferred from her actions. The record supports the court's factual findings that Hall resided in Maine for two years, lived in a home that she had purchased, enrolled her daughter in public school, and returned to Louisiana for only brief periods of time. Given these factual circumstances, the court committed no error when it concluded that Hall intended to remain in Maine and maintained a residence here. The court's finding that she was domiciled in Maine is thus well founded.

[¶ 12] Because Hall is domiciled in Maine and failed to properly register her vehicle and pay the applicable excise taxes, the State proved by a preponderance of the evidence that Hall had evaded registration fees and excise taxes.[2]

The entry is:

Judgment affirmed.

---

2. Violation of 29–A M.R.S. § 514 is a traffic infraction. The standard of proof for traffic infractions is a "preponderance of the evidence." M.R. Civ. P. 80F.