2010 ME 1

**STATE of Maine**

v.

**Peter A. MILLIKEN.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Nov. 23, 2009.

Decided: Jan. 7, 2010.

Geoffrey A. Rushlau, District Attorney, Patricia A. Mador, Assist. Dist. Atty., Bath, ME, for the State.

Joshua Klein–Golden, Esq., Clifford & Golden, P.A., Lisbon Falls, ME, for Peter S. Milliken.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

JABAR, J.

[¶ 1] Peter A. Milliken appeals from a judgment of conviction of stealing drugs (Class C), 17–A M.R.S. § 1109(1), (2)(A) (2008), entered in the Superior Court (Sagadahoc County, *Horton, J.*) following a jury-waived trial. Milliken contends that deficiencies in the trial transcript render the record inadequate for proper appellate review. Milliken also argues that the court's factual findings do not support his conviction. We affirm the judgment.

## I. BACKGROUND

[¶ 2] The following facts found by the Superior Court, viewed in the light most favorable to the State, *see State v. Bouchard,* 2005 ME 106, ¶ 10, 881 A.2d 1130, 1134, are supported in the record. The victim suffers from quadraspastic cerebral palsy. Due to her condition, the victim is confined to a motorized wheelchair and requires in-home medical assistance. The victim is also prescribed Methadone and Valium, which she takes several times per day.

[¶ 3] On the evening of July 23, 2007, the victim was in her apartment in Bath. To allow the victim to self-administer her medication for the night, the victim's personal care assistant left four Methadone pills on the table beside the victim. At some point after 9:00 p.m., the victim awoke to banging on her door, and a young man, later identified as Jeffrey Brochu, entered her apartment. Brochu asked the victim whether she would consider giving or selling him some of her Methadone pills. Although the victim declined, Brochu persisted and repeated his requests for the Methadone pills. Brochu explained to the victim that the Methadone was for a sick friend, who was waiting outside. At some point during the exchange, Brochu's friend, Milliken, entered the victim's residence.

[¶ 4] Brochu, accompanied by Milliken, continued to pressure the victim to sell her Methadone pills. Although the victim repeatedly refused, eventually she relented, and allowed Milliken and Brochu to take two of her Methadone pills. Milliken swallowed one of the pills immediately and stuffed approximately ten dollars into the victim's purse. The Superior Court later found that the victim's acquiescence was not voluntary.

[¶ 5] After the men left, during the early morning hours of July 24, 2007, the victim called her personal care assistant. The personal care assistant went to the victim's apartment, and the victim called the police. Officers Michelle Small and

Brett McIntire of the Bath Police Department investigated, and found Milliken and Brochu in Brochu's apartment.

[¶ 6] Milliken was indicted by the Sagadahoc County Grand Jury on one count of robbery (Class B), 17–A M.R.S. § 651(1)(B)(2) (2008),[1] and one count of stealing drugs (Class C), 17–A M.R.S. § 1109(1), (2)(A). Following a two-day bench trial held on July 10 and 16, 2008, the Superior Court acquitted Milliken of the robbery charge, but found him guilty of stealing drugs. The court sentenced Milliken to fifteen months imprisonment, all but ninety days suspended, and one year of probation, and imposed a $400 fine.

[¶ 7] Milliken filed a timely appeal. In securing the transcript for the record, it was discovered that one of the electronic recording tapes used during the trial was missing. The tape contained the full testimony of Milliken and Officers Small and McIntire, as well as portions of the victim's testimony.

[¶ 8] Upon learning of the missing tape, Milliken twice moved this Court to vacate his conviction and remand the matter to the Superior Court for a new trial. By orders dated October 23, 2008, and December 10, 2008, we denied Milliken's motions without prejudice, and instructed the parties to proceed with efforts to create a "statement of the evidence," as authorized by M.R.App. P. 5(d).[2] In consultation with the Superior Court, Milliken filed a "Statement of Unavailable Transcript," which included his recollection of the missing testimony. Using this material and its own recollection of the proceedings, the court drafted and submitted a proposed statement of evidence to the parties for review. The State did not file an objection. Milliken filed an objection, including three suggested changes, on the ground that portions of the court's statement were "incomplete." Milliken alleged that he was unable to accurately recreate the "incomplete" portions of the court's statement, and requested a new trial. The court incorporated Milliken's three suggested changes, denied Milliken's request for a new trial, and filed the statement of the evidence with the record pursuant to M.R.App. P. 5(d). Thereafter, Milliken renewed his motion for remand and new trial with this Court. Consistent with our order dated July 24, 2009, we consider Milliken's renewed motion along with the merits of his appeal.

## II. DISCUSSION

[¶ 9] On appeal, Milliken contends that notwithstanding the statement of the evi-

---

1. Title 17–A M.R.S. § 651(1)(B)(2) (2008) provides, in relevant part:

 1. A person is guilty of robbery if the person commits or attempts to commit theft and at the time of the person's actions:
 ....
 B. The actor threatens to use force against any person present with the intent:
 ....
 (2) To compel the person in control of the property to give it up or to engage in other conduct that aids in the taking or carrying away of the property.

2. Rule 5(d) of the Maine Rules of Appellate Procedure provides detailed instructions on how missing or incomplete transcripts are to be handled:

 Unavailable Transcript. In the event a transcript of the evidence or proceedings at a hearing or trial cannot be prepared, appellant's counsel may prepare a statement of the evidence or proceedings from the best available means, including counsel's recollection, for use instead of a reporter's transcript. This statement shall be served on appellee's counsel within 28 days after the filing of the notice of appeal. Appellee's counsel may serve objections or propose amendments thereto within 7 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and, as settled and approved, shall be included in the record on appeal.

dence prepared pursuant to M.R.App. P. 5(d), the record is inadequate for appellate review. Milliken also argues that the Superior Court's findings of fact do not support his conviction of stealing drugs.

## A. Adequacy of the Record

[¶ 10] Milliken advances two arguments concerning the adequacy of the appellate record. First, Milliken contends that the loss of the electronic recording tape constitutes non-compliance with M.R. Crim P. 27(a) and (c), which automatically warrants vacation of his conviction and a new trial. Second, Milliken argues that the M.R.App. P. 5(d) statement of evidence prepared by the Superior Court is incomplete and inaccurate, and thus does not properly account for the missing portions of the transcript, rendering the record inadequate for appellate review.

 [¶ 11] Milliken's first argument— that non-compliance with M.R.Crim. P. 27(a) and (c) warrants automatic vacation of his conviction—is without merit. Pursuant to M.R.Crim. P. 27(a), all proceedings in the Superior Court "shall be electronically recorded or taken down by a court reporter."[3] M.R.Crim. P. 27(c) further provides that all recordings and records "shall be retained until the expiration of any sentence that is longer than the retention period provided for" by M.R. Civ. P. 76H(e). In this case, although one electronic tape of the trial is missing, it is undisputed that Milliken's entire trial was recorded, and the remaining tapes were made available. We find no evidence of "non-compliance" with M.R.Crim. P. 27(a) and (c). Instead, M.R.App. P. 5(d), which provides instructions on how missing or

incomplete transcripts are handled, addresses this issue. The Superior Court's effort to reconstruct the trial testimony contained on the missing recording tape illustrates the process contemplated by Rule 5(d). *See generally Cates v. Donahue*, 2007 ME 38, ¶ 2, 916 A.2d 941, 942 (noting an example of proper implementation of M.R.App. P. 5(d)).

 [¶ 12] Turning to Milliken's second argument, we begin with the general proposition that an "appellant bears the burden of providing an adequate record upon which the reviewing court can consider the arguments on appeal." *Springer v. Springer*, 2009 ME 118, ¶ 2, 984 A.2d 828, 829. Consequently, when the record made available to support an appeal is inadequate, we assume that sufficient evidence exists to support the trial court's factual findings. *Id.* ¶ 8, 984 A.2d 828; *Alley v. Alley*, 2002 ME 162, ¶ 2, 809 A.2d 1262, 1262. This rule applies to both civil and criminal appeals. *State v. Thwing*, 487 A.2d 260, 262 (Me.1985).

[¶ 13] Nevertheless, where transcripts are unavailable through no fault of the appellant, we have not applied the general rule. *See, e.g., State v. Dickinson*, 662 A.2d 202, 204 (Me.1995). Indeed, "[w]e have recognized that the inability of a party to obtain a transcript may be a proper basis for vacating a judgment." *Putnam v. Albee*, 1999 ME 44, ¶ 8, 726 A.2d 217, 219 (citing *Dickinson* ). In *Dickinson,* we vacated a defendant's sentence because, due to the loss of the court reporter's notes of the sentencing hearing, the record was inadequate for appellate review. 662 A.2d at 203. Although the State argued

---

**3.** At the time of Milliken's trial, M.R.Crim. P. 27(a) required jury proceedings in the Superior Court to be taken down by a court reporter. *See* M.R.Crim. P. 27 Advisory Committee's Note to 2009 amend. Amended Rule 27(a), which became effective on January 1, 2009, allows jury proceedings, like all other proceedings in the Superior Court, to be either electronically recorded or taken down by a court reporter. *Id.* Because Milliken's trial was jury-waived, the amendments to M.R.Crim. P. 27(a) are immaterial to the matter at hand.

that the defendant's failure to prepare a record pursuant to M.R.Crim. P. 39(b)[4] precluded his appeal, we disagreed, reasoning that the defendant would have to reconstruct the entire hearing. *Id.* at 204. Moreover, because the defendant's attorney, usually essential in reconstructing the record, had been accused of providing ineffective assistance at sentencing, we concluded that "the absence of a transcript in the circumstances of this case" rendered the record inadequate for appellate review. *Id.*

[¶ 14] *Dickinson,* however, is distinguishable from the instant case. Whereas in *Dickinson* the entire transcript was unavailable, here only a portion of the transcript is missing. Although our case law does not squarely account for the circumstances presented in this case, there is a significant body of federal precedent addressing this issue.

■ [¶ 15] Pursuant to federal constitutional standards, the mere unavailability of a complete transcript on appeal offends neither due process nor equal protection. *See Bundy v. Wilson,* 815 F.2d 125, 135–36 (1st Cir.1987); *Bransford v. Brown,* 806 F.2d 83, 85–86 (6th Cir.1986); *see also United States v. Cashwell,* 950 F.2d 699, 703 (11th Cir.1992) ("A reconstructed record, as opposed to a verbatim transcript, can accord effective appellate review, particularly where appellate rules have established a procedure for reconstruction of the trial record."). Rather, to demonstrate denial of a fair appeal, an appellant must show prejudice resulting from the absence of the transcripts at issue. *See White v. Fla., Dep't of Corrs.,* 939 F.2d 912, 914 (11th Cir.1991) (citing *Bransford);*

*Mitchell v. Wyrick,* 698 F.2d 940, 941–42 (8th Cir.1983); *see also Ortiz–Salas v. INS,* 992 F.2d 105, 106 (7th Cir.1993) (requiring a petitioner in an immigration appeal "to make the best feasible showing he can that a complete and accurate transcript would have changed the outcome of the case").

[¶ 16] Contrary to Milliken's contention, relying on federal precedent does not improperly read a prejudice requirement into Maine law. Although the holding in *Dickinson* was not explicitly based upon due process grounds, our decision was premised upon the defendant's inability to recreate material portions of the record, a rationale consistent with the federal standard. Our other cases dealing with this issue are similarly in accord. *See, e.g., State v. Beaudet,* 1997 ME 133, ¶ 5, 696 A.2d 436, 438 (concluding that the absence of a complete trial transcript did not constitute "the type of prejudice meriting a new trial" because the missing portions were reflected in other parts of the record or were not crucial to review); *Ingerson v. State,* 491 A.2d 1176, 1182 (Me.1985) (rejecting defendant's argument that his due process rights were violated because the unavailability of a complete parole hearing transcript failed to "cause[ ] him any prejudice"). Moreover, although not directly applicable to the instant case, in other instances of lost transcripts, Maine Rules of Court and statutes require a finding of prejudice before a new trial is warranted. *See, e.g.,* 4 M.R.S. § 654 (2008) (addressing the death or disability of the court reporter); M.R. Civ. P. 59(f) (addressing the loss of transcripts in civil cases). We have repeatedly held that federal and Maine

---

4. M.R.Crim. P. 39(b), now repealed, closely tracked the language of M.R.App. P. 5(d), and provided in pertinent part:

In the event a stenographic report of the evidence or proceedings at a hearing or trial is unavailable, appellant's counsel may prepare a statement of the evidence or proceedings from the best available means, including counsel's recollection, for use instead of a reporter's transcript.

M.R.Crim. P. 39(b) (abrogated 2001).

due process rights are coextensive, *see, e.g., Carroll F. Look Constr. Co. v. Town of Beals*, 2002 ME 128, ¶ 17, 802 A.2d 994, 999; *State v. Perry*, 552 A.2d 545, 547 (Me.1989), and see no reason to depart from the federal standard on this issue.

[¶ 17] Applying this analytical framework, the record is sufficient to permit meaningful appellate review. In order to prove prejudice, Milliken "must present something more than gross speculation that the transcripts were requisite to a fair appeal." *Bransford*, 806 F.2d at 86. The only issue Milliken raises on appeal is whether his conviction is supported by the evidence. Importantly, Milliken does not dispute the Superior Court's findings of fact, and there is no suggestion that relevant facts were unaccounted for in the court's analysis.[5] Instead, Milliken challenges the court's legal conclusions based on those factual findings. Because Milliken concedes that the court's findings are supported, in these circumstances no prejudicial error would be revealed by a review of the missing portions of the transcript. *See United States v. Malady*, 960 F.2d 57, 59 (8th Cir.1992) ("To obtain reversal, a defendant must show the missing part of the transcript specifically prejudices the appeal."); *State v. Sage*, 161 Vt. 633, 641 A.2d 115, 116 (1994) (finding it unclear, in light of the defendant's claim of insufficient evidence, how a missing transcript prejudiced the defendant). Because we are able to fairly review Milliken's arguments despite missing portions of the transcript, the record is adequate for meaningful appellate review.

## B. Sufficiency of the Evidence

[¶ 18] While conceding that the Superior Court's factual findings are not clearly erroneous, Milliken argues that the court's findings do not support his conviction. Milliken also asserts that his acquittal of the robbery charge, based on the court's finding that he did not use "force or threats of force ... with the intent of requiring [the victim] to part with the Methadone," conflicts with the court's conclusion that he exercised unauthorized control over the victim's Methadone pills. We disagree with both contentions.

[¶ 19] Upon a claim of insufficient evidence, we view the evidence in the light most favorable to the State to determine whether the fact-finder "could rationally find every element of the offense beyond a reasonable doubt." *State v. Kotredes*, 2003 ME 142, ¶ 9, 838 A.2d 331, 335. Factual findings of the trial court are reviewed for clear error. *State v. Bartlett*, 661 A.2d 1107, 1108 (Me.1995). By contrast, a trial court's legal conclusions based on those findings are reviewed de novo. *State v. Hall*, 2008 ME 174, ¶ 8, 960 A.2d 327, 329.

[¶ 20] A person is guilty of stealing drugs pursuant to 17–A M.R.S. § 1109(1) if that person "violates [17–A M.R.S. §§ ] 353, 355 or 356–A knowing or believing that the subject of the theft is a scheduled drug, and it is in fact a scheduled drug, and the theft is from a person authorized to possess or traffick in that scheduled drug." Pursuant to 17–A M.R.S. § 353(1)(A) (2008), a person is guilty of theft if "[t]he person obtains or exercises unauthorized control[6] over the property of

---

**5.** We also have the benefit of reviewing the transcript of Milliken's closing argument, during which Milliken's attorney focused on relevant facts elicited through the testimony and evidence presented at trial. Although the Superior Court occasionally chose to credit and accept testimony unfavorable to Milliken, this is the fact-finder's prerogative, *see State v.*

*Deering*, 1998 ME 23, ¶ 15, 706 A.2d 582, 586, and the court's factual findings clearly account for all of the testimony and evidence Milliken's attorney highlighted during his summation.

**6.** The phrase "exercises unauthorized control" "includes but is not limited to conduct

another with intent to deprive the other person of the property." In this case, the Superior Court found that the State had proved beyond a reasonable doubt that the victim's acquiescence to Milliken's requests to take her pills was not voluntary, and was coerced through intimidating conduct and statements. The court further found that Milliken knew that the victim was not selling her pills voluntarily. Along with crediting the victim's testimony that she felt intimidated and threatened, the court relied on other circumstantial evidence in finding that the victim's acquiescence was not voluntary. Particularly when viewed in the light most favorable to the State, *see Kotredes*, 2003 ME 142, ¶ 9, 838 A.2d at 335, the court's finding that the victim did not voluntarily consent is not clearly erroneous. This finding supports the court's conclusion that Milliken exercised unauthorized control over the victim's Methadone pills, in violation of 17–A M.R.S. § 353(1)(A), and Milliken's conviction of stealing drugs, *see* 17–A M.R.S. § 1109(1), (2)(A).

[¶ 21] The Superior Court's acquittal of Milliken on the robbery charge does not change this result. Whereas a conviction of robbery pursuant to 17–A M.R.S. § 651(1)(B)(2) requires that "[t]he actor threaten[ ] to use force against any person present with the intent ... [t]o compel the person in control of the property to give it up," a person need not intentionally use force or threats of force to obtain or exercise the "unauthorized control" proscribed by 17–A M.R.S. § 353(1)(A). That the State failed to prove, in the Superior Court's view, that Milliken used "force or threats of force ... with the intent of requiring [the victim] to part with the Methadone," does not render erroneous the court's amply supported finding that the victim's consent was involuntary due to intimidation. Because that finding supports Milliken's conviction of stealing drugs, the Superior Court committed no error in its analysis.

The entry is:

Judgment affirmed.

formerly defined or known as common law larceny by trespassory taking, larceny by con-

version, larceny by bailee and embezzlement." 17–A M.R.S. § 353(2) (2008).