2012 ME 51

**STATE of Maine**

v.

**David CHRISTIAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.

Decided: April 5, 2012.

---

N. Seth Levy, Esq., Brunswick, for appellant David Christian.

R. Christopher Almy, District Attorney, and Susan J. Pope, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellee State of Maine.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶1] David Christian appeals from a judgment of conviction of three counts of theft by unauthorized taking (Class D), 17–A M.R.S. § 353(1)(B)(5) (2011), and one count of theft by unauthorized taking (Class E), 17–A M.R.S. § 353(1)(A) (2011), entered in the Unified Criminal Docket (Bangor, *Anderson, J.*) after a jury-waived trial. He contends that the evidence was insufficient to establish beyond a reasonable doubt that he intended to deprive his employer of rent payments and that the court erred by classifying two counts as Class D theft rather than Class E theft. Because the record contains sufficient evidence to support the court's findings regarding Christian's intent, we discuss only the second claim. Finding error in the court's classification of the contested counts, we vacate and modify the judgment and remand for resentencing.

## I. BACKGROUND

[¶2] Viewed in the light most favorable to the State, the record supports the following facts. *See State v. Burns,* 2011 ME 92, ¶10, 26 A.3d 817. Salvatore DiStefano hired David Christian in June 2009 to manage three properties DiStefano owned in Lincoln. Christian was hired to perform maintenance on the properties, to advertise apartments for rent, and to collect rent payments from tenants to turn over to DiStefano. DiStefano did not authorize Christian to sign leases or to use the rent money he collected.

[¶3] Christian collected rent and security deposits from four tenants during his employment, and the amounts he collected are undisputed. He received a $500 rent payment from Christopher Young in July 2009. He collected a $50 application fee and $750 security deposit from Gilberte

Mayo, the mother of tenant Angela Mayo, in July 2009. He collected an additional $230 from Gilberte on behalf of Angela for rent in both August and September. Melissa Morris gave Christian $800 in cash in August, including $600 for rent and $200 toward a security deposit. Autumn Stanhope gave Christian $600 in cash in August or September, which included $500 for rent and $100 toward her security deposit. Christian kept the money in his home and never sent any of it to DiStefano.

[¶ 4] Christian was indicted in February 2010 on one count of theft by unauthorized taking (Class C), 17–A M.R.S. § 353(1)(B)(4) (2011), and four counts of theft by unauthorized taking (Class D), 17–A M.R.S. § 353(1)(B)(5).[1] The State clarified at trial that Count 1 covered Christian's conduct as a whole, and the remaining counts corresponded to his retention of the payments from Christopher Young (Count 2), Gilberte Mayo on behalf of Angela Mayo (Count 3), Melissa Morris (Count 4), and Autumn Stanhope (Count 5).

[¶ 5] Christian pleaded not guilty, and his bench trial was held in December 2010. On Count 1, the court found Christian not guilty because the State failed to properly charge that offense as a course of conduct covering all of the retained payments. Finding that the State proved all of the elements of theft beyond a reasonable doubt, the court found Christian guilty on Counts 2 through 5. The court reduced Count 3 (involving Gilberte and Angela Mayo) to Class E theft because the record was unclear whether Christian was authorized to retain security deposits, as opposed to rent payments, which he was not authorized to keep. The court therefore excluded the amount paid by Gilberte for Angela's security deposit, but found that because Christian had retained two rent payments from Gilberte, he was still guilty on the reduced theft charge.[2] Thus, the court ultimately found Christian guilty of one Class E and three Class D counts of theft.

[¶ 6] The court subsequently sentenced Christian to concurrent sentences of thirty days in jail on all four counts. The court also ordered that Christian pay restitution totaling $3300: $500 to Christopher Young; $1000 to Angela Mayo; $1000 to Autumn Stanhope; and $800 to Melissa Morris.[3]

1. Title 17–A M.R.S. § 353(1)(A) (2011) provides that a person is guilty of theft by unauthorized taking or transfer (Class E) if "[t]he person obtains or exercises unauthorized control over the property of another with intent to deprive the other person of the property." Such theft is a Class D crime if "[t]he value of the property is more than $500 but not more than $1,000." 17–A M.R.S. § 353(1)(B)(5) (2011).

2. The court also stated that it found Christian guilty of a Class E offense because it would not aggregate Gilberte's two separate "three hundred dollar payments" to constitute a Class D offense. Although the record shows that Gilberte in fact made two $230 payments, the error regarding the amounts is harmless because, whether considered separately or in the aggregate, the actual amounts paid are still below the Class D threshold of $500.

3. Because the record does not include a transcript of the sentencing hearing, it is unclear why the court ultimately ordered restitution in amounts different from those actually paid by the tenants and why it did not allocate restitution to both the tenants and DiStefano according to the amounts paid as rent as opposed to as security deposits. Specifically, based on the evidence at trial, Christian collected a total of $3160 in rent and security payments, but the total restitution ordered amounts to $3300 and includes an apparent underpayment to Angela Mayo and an apparent overpayment to Autumn Stanhope. Christian does not contest the restitution order on appeal, but the State has noted the discrepancy between the amounts adduced at trial and those ordered by the court. The

## II. LEGAL ANALYSIS

■ [¶ 7] Christian argues that the court erred by convicting him of Class D theft on Count 2 and Count 5 because the amounts involved were $500 or less. Theft by unauthorized taking or transfer is a Class E crime unless "[t]he value of the property is more than $500 but not more than $1,000," in which case the crime is elevated to a Class D crime. 17–A M.R.S. § 353(1)(A), (1)(B)(5). We review factual findings for clear error, *State v. Milliken*, 2010 ME 1, ¶ 19, 985 A.2d 1152, and the interpretation of a statute de novo, *State v. Brockelbank*, 2011 ME 118, ¶ 15, 33 A.3d 925.

[¶ 8] In finding Christian guilty of Class D theft on Count 2, corresponding to the payment from Christopher Young, the court noted that the amount at issue "was not a security deposit[;] [i]t was rent," which Christian was not authorized to retain. The court did not make an express finding as to the amount of Young's payment, but the undisputed evidence adduced at trial was that Young paid Christian $500. Because theft by unauthorized taking or transfer only becomes a Class D crime when the value of the property taken is "more than $500," it was error for the court to enter a conviction on Count 2 as a Class D, rather than a Class E, crime. *See* 17–A M.R.S. § 353(1)(A), (1)(B)(5).

■ [¶ 9] The court also found Christian guilty of Class D theft on Count 5, reflecting the payment by Autumn Stanhope. Consistent with its prior finding regarding the handling of security deposits, the court made clear that it was considering only the portion paid by Stanhope as rent. Stanhope's undisputed testimony at trial was that she paid $500 for rent and $100 for a security deposit, which was also supported by the lease admitted into evidence. There is no competent evidence in the record to support an alternative finding regarding this breakdown of her payment. However, in support of the Class D conviction on Count 5, the court stated that Stanhope paid "five hundred dollars or more in the form of rent," implying that it interpreted the theft statute to include a $500 amount within Class D theft. As with Count 2, Christian's conviction for Count 5 should have been for Class E theft rather than Class D theft. *See* 17–A M.R.S. § 353(1)(A), (1)(B)(5).

[¶ 10] Because the value of the property taken is an element of theft that must be proved beyond a reasonable doubt, *see Burns*, 2011 ME 92, ¶ 8, 26 A.3d 817, and because the record does not support a finding of Class D theft on these two counts, we vacate the judgment on Counts 2 and 5, *see State v. Metzger*, 2010 ME 67, ¶ 27, 999 A.2d 947. However, because there is sufficient evidence to support Class E theft convictions on Counts 2 and 5, 17–A M.R.S. § 353(1)(A), we remand for entry of a revised judgment of conviction and for resentencing on all counts in light of these changes. *Metzger*, 2010 ME 67, ¶ 28, 999 A.2d 947. In addition, because the judgment and commitment form erroneously indicates that Christian was convicted on a jury verdict, the court should correct the clerical error on remand. *See* M.R.Crim. P. 50.

The entry is:

Judgment vacated on Counts 2 and 5; sentences vacated on all counts. Remanded to the Unified Criminal Docket for (1) entry of a judgment on Counts 2 and 5 consistent with this opinion; (2) resentencing on all counts, including reconsideration and recalculation of the restitution order;

court will have the opportunity to address these discrepancies on remand and to recalculate its restitution order accordingly.

and (3) correction of the judgment and commitment to reflect that the convictions were entered on a court finding.