STATE of Maine

v.

James F. BARTLETT, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs May 15, 1995.

Decided June 27, 1995.

E. Erik Laurentz, Asst. Dist. Atty., Bath, for State.

Donald T. Massey, Yarmouth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Following a jury-waived trial, James F. Bartlett, Jr. appeals from the judgments entered in the Superior Court (Sagadahoc County, Fritzsche, J.) on the court's finding that Bartlett was guilty of three counts of gross sexual misconduct, 17–A M.R.S.A. § 253 (1983 & Supp.1988), *amended by* P.L. 1989, ch. 401, § A, 4, and two counts of gross sexual assault, 17–A M.R.S.A. § 253 (Supp. 1994).[1] Bartlett contends that the testimony of the victim at the trial of this case was not sufficiently credible to permit the court ra-

---

1. On the dates of the three charges against Bartlett for gross sexual misconduct set forth in the indictment, 17–A M.R.S.A. § 253 provided, in pertinent part:

 A person is guilty of gross sexual misconduct
 1. If he engages in a sexual act with another person and:
 . . . .
 B. The other person, not his spouse, has not in fact attained his 14th birthday. . . .

Prior to the dates of the two charges against Bartlett for gross sexual assault set forth in the indictment the Legislature, by P.L.1989, ch. 401, § A, 4, had amended section 253 by substituting the words "gross sexual assault" for "gross sexual misconduct" and the word "person" for the words "he" and "his."

tionally to find beyond a reasonable doubt all of the elements of the offenses with which Bartlett was charged. We affirm the judgments.

 We review the factual findings of the trial court for clear error. *State v. Kelly,* 644 A.2d 454 (Me.1994). *Cf.* M.R.Civ.P. 52(a). A factual finding is only clearly erroneous if there is no competent evidence in the record to support it. *State v. Navarro,* 621 A.2d 408 (Me.1993). In *State v. Mac-Kenzie,* 161 Me. 123, 210 A.2d 24 (1965), we quoted with approval the definition of clear error set forth in *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948):

> A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

We have previously observed:

> When we test the trial court's resolution of the issue of the credibility of the witnesses and of their testimony, we are not in a position to be able to accurately determine the weight the trial court assigned to ... [the] factors on which its credibility determination is based.... Subtleties of meaning are often tied to manner of expression, modes of speech, and turns of phrase, knowledge of which is readily available to the trial court but is denied to the appellate tribunal. Those subtleties of meaning may very well and properly have a significant effect upon the trial court's ultimate decision to believe or disbelieve the witness either generally or on a particular point. Hence, we must accept the trial court's evaluation ... save where the physical evidence and the written record rationally forbid his conclusion on the credibility issue....

*Qualey v. Fulton,* 422 A.2d 773, 776 (Me. 1980).

 Contrary to Bartlett's contention, the trial court, as factfinder, is not required to adopt the version of the truth proffered by either party. It is permitted to draw any reasonable inference that logically flows from the testimony or proved physical facts, as long as the evidence is probable and the inferred fact exists. *Bradford v. Harris,* 499 A.2d 159, 161 (Me.1985). A factfinder is entitled to believe some parts of witness testimony to the exclusion of others. *United States v. Rothrock,* 806 F.2d 318, 321 (1st Cir.1986). It has the prerogative to selectively accept or reject testimony and to combine such testimony in any way. *State v. Giglio,* 441 A.2d 303, 308 (Me.1982) (citing *State v. Mahaney,* 437 A.2d 613, 621 (Me. 1981)). "Where there are several possible theories to explain the happening of an event, the evidence must be such as to have selective application as to the one adopted by the factfinder." *Hersum v. Kennebec Water District,* 151 Me. 256, 263, 117 A.2d 334, 338 (1955).

 Applying the foregoing principles to our careful review of the entire record in this case, we find no error in the trial court's determination that the State established beyond a reasonable doubt all the elements of the charged offenses against Bartlett.

The entry is:

Judgments affirmed.

All concurring.