2000 ME 190

**STATE of Maine**

v.

**RICKY G.**

Supreme Judicial Court of Maine.

Argued Oct. 6, 2000.
Decided Oct. 30, 2000.

Andrew Ketterer, Attorney General, Nancy Torreson, Asst. Attorney General, Charles K. Leadbetter, Asst. Attorney General, Augusta, for State.

Francis E. Bemis, Esq., Jefferson T. Ashby, Esq., Hardings Law Offices, Presque Isle, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Juvenile Ricky G. appeals from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) affirming an adjudication in the District Court (Presque Isle, *Griffiths, J.*) that he committed manslaughter in violation of 17–A M.R.S.A. § 203(1)(A) (Supp.1999) [1] and 15 M.R.S.A. § 3103(1)(A) (Supp.1999).[2] Ricky contends that the District Court erred in finding: (1) that the State met its burden of disproving Ricky's defense of self-defense based on his belief that deadly force was about to be used against him, and (2) that the court issued insufficient findings of fact and conclusions of law. Finding no error or abuse of discretion, we affirm the judgment.

---

1. Title 17–A M.R.S.A. section 203(1)(A) (Supp. 1999) provides: "A person is guilty of manslaughter if that person . . . recklessly or with criminal negligence, causes the death of another human being."

2. Title 15 M.R.S.A. section 3103(1)(A) (Supp. 1999) delineates juvenile crimes as those that would be criminal if committed by an adult, including conduct proscribed by title 17–A.

[¶2] The manslaughter charge resulted from an incident in March of 1997 in which sixteen-year-old Ricky fatally stabbed a school classmate twice in the chest during a fistfight. Following trial, the District Court found that Ricky had committed manslaughter and issued a decision detailing the facts supporting the decision. The court also found that the evidence did not generate the defense of self-defense.[3] Ricky was sentenced to confinement in the Maine Youth Center (MYC) until age twenty-one.

[¶3] Ricky appealed to the Superior Court. The Superior Court concluded that self-defense was generated by the evidence and remanded the case for a determination of whether the State met its burden of disproving self-defense. On remand, the District Court found that the State had disproved self-defense beyond a reasonable doubt. The court found that Ricky believed that the victim was about to use deadly force against him, but that such belief was unreasonable. Ricky moved for findings of fact and conclusions of law. The District Court denied Ricky's motion, concluding that its previously issued findings were sufficient. This appeal followed the denial of Ricky's unsuccessful appeal to the Superior Court.

[¶4] In contending that the trial court erred in finding that the victim was not about to use deadly force against him, Ricky relies on the testimony of Dr. Henry Ryan, a former State medical examiner, who described how a fistfight can result in serious injury or death. When, as here, the Superior Court acts as an appellate court, we review the findings of the District Court directly. *Bell v. Bell,* 1997 ME 154, ¶2, 697 A.2d 835, 836. The trial court's finding that deadly force was not about to be used on Ricky is a finding of fact that will be upheld unless clearly erroneous. *See State v. Bartlett,* 661 A.2d 1107, 1108 (Me.1995). A trial court's factual finding is clearly erroneous only if it is supported by no competent evidence. *Id.*

[¶5] We have made clear that "[a] factfinder is entitled to believe some parts of witness testimony to the exclusion of others. It has the prerogative to selectively accept or reject testimony and to combine such testimony in any way." *Id.* at 1108 (citations omitted). The District Court could have found Dr. Ryan's testimony on the danger that may arise from fistfights to be credible and accurate, and still have concluded that deadly force was not about to be used against Ricky. Ricky's contention that deadly force is present in all fistfights could lead to the undesirable result that because a punch could cause a variety of serious harms, anyone threatened with a punch would be justified in using deadly force to defend himself. We reject that premise. Several witnesses in this case testified to the effect that Ricky could have expected at most only a fistfight with the victim. The trial court determined that Ricky's belief that deadly force was about to be used against him was recklessly held and therefore, not a reasonable belief within the meaning of 17–A M.R.S.A. § 108. That finding is not clearly erroneous.

[¶6] Ricky also argues, in contending that the findings of the court are insufficient, that the court's initial findings were void in their entirety, even though the Superior Court's remand order requiring further findings was directed only at

---

3. **Physical force in defense of a person**

. . .

2. A person is justified in using deadly force upon another person:
A. When the person reasonably believes it is necessary and reasonably believes such other person is:
(1) About to use unlawful, deadly force against the person or a 3rd person . . . .

17–A M.R.S.A. § 108 (Supp.1999). Deadly force is defined as "physical force which a person uses with the intent of causing, or which he knows to create a substantial risk of causing, death or serious bodily injury." 17–A M.R.S.A. § 2(8) (1983).

the issue of self-defense. He contends that the findings of fact made after remand are insufficient to satisfy M.R.Crim. P. 23(c).[4] Whether factual findings issued prior to remand are void as to issues outside the scope of the remand order is a question of law we review de novo. *State v. O'Connor*, 681 A.2d 475, 476 (Me.1996).

[¶ 7] To support his contention, Ricky relies on *State v. Michaud*, 1998 ME 251, 724 A.2d 1222, in which the trial court issued detailed findings of fact. The holding of *Michaud*, however, does not support Ricky's argument. We stated in *Michaud* that:

> Rule 23(c) requires a trial court to make specific findings of fact upon request. However, Rule 23(c) does not require a court to specify all the evidence it relied on in making its findings of ultimate fact. To the contrary, a court need only find as fact each of the elements of the offense, in order to satisfy the requirements of Rule 23(c).

*Michaud*, 1998 ME 251, ¶ 22, 724 A.2d at 1231 (citations omitted).

[¶ 8] The findings of fact in the first judgment the District Court issued in Ricky's case clearly set forth the court's finding of each element of manslaughter. The later findings made by the court after remand were directed at the issue of self-defense, and left undisturbed all other factual findings previously issued. Accordingly, the court did not err in failing to provide additional findings of fact and conclusions of law. The factual findings previously issued by the court provide a sufficiently detailed recitation of the facts on which the court relied to find all the elements of the crime, and, coupled with the findings made after remand, satisfy the requirements of M.R.Crim. P. 23(c).

---

4. M.R.Crim. P. 23(c) states: "In a case tried in the Superior Court without a jury the Court shall make a general finding and shall in addition on request find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein."