2010 ME 81

**STATE of Maine**

v.

**David O. COOK.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 29, 2010.

Decided: Aug. 19, 2010.

Steven A. Juskewitch, Esq., Ellsworth, ME, for David O. Cook.

Michael E. Povich, District Attorney, Mary N. Kellett, Asst. Dist. Atty., Prosecutorial District VII, Ellsworth, ME, for the State of Maine.

Panel: SAUFLEY, C.J., LEVY, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] David O. Cook appeals from a judgment of conviction entered after a jury verdict in the Superior Court (Hancock County, *Cuddy, J.*) for one count of aggravated forgery (Class B), 17–A M.R.S. § 702(1)(D) (2009); one count of burglary (Class B), 17–A M.R.S. § 401(1)(A), (B)(4) (2009); one count of theft by unauthorized taking or transfer (Class D), 17–A M.R.S. § 353(1)(A), (B)(5) (2009); two counts of theft by unauthorized taking or transfer (Class E), 17–A M.R.S. § 353(1)(A) (2009);

one count of theft by receiving stolen property (Class C), 17–A M.R.S. § 359(1)(A), (B)(4) (2009); and three counts of theft by receiving stolen property (Class E), 17–A M.R.S. § 359(1)(A) (2009). Cook challenges the sufficiency of the evidence supporting each count of the conviction, and also contends that the court improperly joined his case with that of his co-defendant and son, Daniel O. Cook.[1] We affirm in part and vacate in part.

## I. BACKGROUND

[¶ 2] Viewed in the light most favorable to the State, the following evidence was admitted at trial. *See State v. Schmidt,* 2008 ME 151, ¶ 2, 957 A.2d 80, 83. In the fall of 2006, Cook lived with his son, Daniel Cook, and his grandson, Christopher Cook, at Cook's home in Dedham. Christopher Lapointe, a friend of Christopher Cook, had also been living in the Cooks' home since the summer of that year. Lapointe, who had outstanding warrants in Bangor, used the alias of "Charles Adams" or "Chucky Adams" to avoid arrest.

[¶ 3] Between October and December of 2006, Cook, Daniel Cook, Christopher Cook, and Lapointe engaged in a series of burglaries and thefts of seasonal camps in Dedham. At each camp, one or more of the men would cut out any copper pipe found to later sell for scrap metal, steal personal items found on the premises, and then take the purloined loot back to the Cook residence. Cook assisted in the commission of the crimes by driving one or more of the others, with the stolen items, back to his residence or other locations. Cook also helped Lapointe obtain a snowmobile registration using Lapointe's alias, Charles Adams. After becoming concerned about law enforcement attention, Cook and Daniel Cook loaded Cook's van

---

1. Daniel O. Cook also has an appeal pending before the Court, docket number Han–08–46.

with the stolen property and dumped the property into a culvert in Ellsworth.

[¶ 4]   The Hancock County Grand Jury returned an indictment on June 5, 2007, charging Cook with ten crimes: one count of aggravated forgery (Class B), 17–A M.R.S. § 702(1)(D); one count of burglary (Class B), 17–A M.R.S. § 401(1)(A), (B)(4); one count of burglary (Class C), 17–A M.R.S. § 401(1)(A); one count of theft by unauthorized taking or transfer (Class D), 17–A M.R.S. § 353(1)(A), (B)(5); two counts of theft by unauthorized taking or transfer (Class E), 17–A M.R.S. § 353(1)(A); one count of theft by receiving stolen property (Class C), 17–A M.R.S. § 359(1)(A), (B)(4); and three counts of theft by receiving stolen property (Class E), 17–A M.R.S. § 359(1)(A). Pursuant to M.R.Crim. P. 8(b),[2] the State filed a notice of joinder for Cook and Daniel Cook in June of 2007. In September of 2007, the court (*Brodrick, J.*) denied Cook's motion for relief from prejudicial joinder of defendants.

[¶ 5]   Lapointe, who had pleaded guilty to charges arising from the camp burglaries, testified at trial. At the close of the State's case, Cook moved for a judgment of acquittal based on insufficient evidence, which the court (*Cuddy, J.*) denied. The court instructed the jury on both principal and accomplice liability,[3] and the jury returned a guilty verdict on all counts of the indictment except for Count 4, Class C burglary.

[¶ 6]   The court entered a judgment on the verdict and sentenced Cook to four years in prison, suspended all but one year and six months of that sentence, and imposed two years of probation on the aggravated forgery count. On the counts of burglary (Class B) and theft by receiving stolen property (Class C), the court imposed concurrent sentences of two years, suspended all but one year, and placed Cook on probation for two years, ordering that he pay restitution in the amount of $17,777.50, jointly and severally with Daniel Cook. For the remaining six Class D and Class E convictions, the court imposed concurrent sentences of ninety days in jail and ordered Cook to pay $1200 of restitution, also jointly and severally with Daniel Cook. This appeal followed.

## II.  DISCUSSION

### A.  Sufficiency of the Evidence

[¶ 7]   Cook challenges the sufficiency of the evidence supporting each of

---

2.  M.R.Crim. P. 8(b) provides:

> The attorney for the state who initiates a prosecution against two or more defendants may file a Notice of Joinder with respect to defendants who are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting a crime or crimes. A Notice of Joinder must be filed with each case to be joined. Upon the filing of such notices, the cases so designated in the notices are joined. The defense may move pursuant to paragraph (d) of this rule for relief from the Notice of Joinder. The Notice of Joinder should be filed at the same time as the charging instrument but in any event must be filed no later than 10 days after the charging instrument is filed.

3.  Title 17–A M.R.S. § 57(3)(A) (2009) provides:

> 3.  A person is an accomplice of another person in the commission of a crime if:
> A.  With the intent of promoting or facilitating the commission of the crime, the person solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of which was a reasonably foreseeable consequence of the person's conduct.

The statute was amended in ways not relevant to this appeal in the period of time between the commission of the crimes and trial. *See* P.L. 2007, ch. 173, § 13 (effective Sept. 20, 2007).

his nine convictions. Upon a claim challenging the sufficiency of the evidence, "[w]e view the evidence in the light most favorable to the State to determine whether a fact-finder could rationally find beyond a reasonable doubt every element of the offense charged." *Schmidt*, 2008 ME 151, ¶ 19, 957 A.2d at 86 (quotation marks omitted); *accord State v. Milliken*, 2010 ME 1, ¶ 19, 985 A.2d 1152, 1158. Further, the credibility of a witness is within the exclusive province of the jury, and, as the fact-finder, the jury is permitted to draw all reasonable inferences from the evidence presented and may selectively accept or reject the testimony of a witness. *See Schmidt*, 2008 ME 151, ¶ 19, 957 A.2d at 86; *State v. Ricky G.*, 2000 ME 190, ¶ 5, 760 A.2d 1065, 1067.

[¶ 8] Viewed in the light most favorable to the State, the evidence is sufficient to convince a rational fact-finder beyond a reasonable doubt of each element of Cook's convictions for Counts 2, 3, and 6 through 10, *see Schmidt*, 2008 ME 151, ¶ 19, 957 A.2d at 86; *State v. Brown*, 2000 ME 25, ¶ 15, 757 A.2d 768, 772, and we affirm those convictions without any further discussion. Cook's convictions on Counts 1 and 5 require further analysis.

1. Count 1—Burglary (Class B)

[¶ 9] The charge in Count 1 concerns the break-in of the Cross property in Dedham. The elements of burglary are: (1) entering or surreptitiously remaining in a structure, (2) with the knowledge that the actor is not licensed or privileged to do so, and (3) with the intent to commit a crime within the structure. 17-A M.R.S. § 401(1)(A); *State v. Crossman*, 2002 ME

28, ¶ 11, 790 A.2d 603, 606. Cook was charged with burglary of a dwelling place, which is a Class B crime, and includes the lesser offense of burglary to a structure. *See* 17-A M.R.S. § 13-A(2)(A) (2009) (defining a lesser included offense as one that "must necessarily be committed when the offense or alternative thereof actually charged, as legally defined, is committed"); 17-A M.R.S. § 401(1)(B)(4) (requiring an actor to satisfy subsection (1)(A) to be guilty of Class B burglary to a dwelling place).

[¶ 10] At trial, the jury verdict form required the jury to indicate whether Cook was guilty of burglary, and whether the structure was a dwelling place. The jury marked "guilty" on the question of burglary to a structure, but answered "no" as to whether the structure was a dwelling place. The entry of a guilty judgment on this count as a Class B burglary to a dwelling appears to be a scrivener's error. *See* 17-A M.R.S. § 2(10) (2009) ("A dwelling place does not include garages...."). Because the jury considered the issues separately, we may vacate the conviction for Class B burglary and remand with instructions for entry of a judgment of conviction for Class C burglary if there is sufficient evidence to support the Class C conviction. *See* 15 M.R.S. § 6 (2009).[4]

[¶ 11] Here, the evidence is sufficient to support the jury's finding, beyond a reasonable doubt, that Christopher Cook and Lapointe entered a garage without the right to do so and with the intent to steal the garage owner's personal property. Cook assisted them in the commission of the crime by driving them and the stolen property from the garage to his residence

4. Title 15 M.R.S. § 6 (2009) provides:
When a person, indicted for an offense, is acquitted of a part by verdict of the jury and found guilty of the residue thereof, such verdict may be received and recorded by the court. He may be considered as convicted of the offense, if any, which is substantially charged by such residue, and be punished accordingly

and, therefore, is guilty as an accomplice. *See* 17–A M.R.S. § 57(3) (2009); *State v. Nguyen*, 2010 ME 14, ¶ 15, 989 A.2d 712, 715 ("Accomplice liability may be found in any conduct promoting or facilitating, however slightly, the commission of the crime." (quotation marks omitted)). The intent of all three men may be inferred from the evidence. We therefore vacate Cook's conviction for Class B burglary and remand for entry of a judgment of conviction for Class C burglary.

### 2. Count 5—Theft by Unauthorized Taking or Transfer (Class E)

■ [¶ 12] Cook's conviction for theft in Count 5 is based on the State's allegations that Cook exercised unauthorized control over copper pipe that had been taken from a camp with the intent to deprive the camp's owner of the copper pipe. "A theft by unauthorized taking or transfer occurs when the defendant (1) obtained or exercised unauthorized control (2) over the property of another (3) with intent to deprive the owner of that property." *Schmidt*, 2008 ME 151, ¶ 20, 957 A.2d at 86 (quotation marks omitted); *accord* 17–A M.R.S. § 353(1)(A).

[¶ 13] At trial, the parties stipulated that no one had permission to go under the camp or to take the copper pipes that were located there. The only other evidence the State presented regarding the theft at that camp was the testimony of Lapointe. Lapointe testified that he and Christopher Cook had gone under the seasonal home and cut copper pipes from underneath the house and that Daniel Cook picked them up and drove them back to the Cook residence.

■ [¶ 14] The State contends that the evidence is sufficient to support Cook's conviction on Count 5 because the police recovered copper pipe, along with other items that had been stolen from seasonal camps, from the culvert in Ellsworth and because Cook knew his house was the hub of the crime spree and had assisted in these crimes by providing transportation. We disagree.

To be persuaded that the facts have been proved beyond a reasonable doubt, a jury must be convinced that the facts are sufficient to convince [it] of the defendant's guilt and [ ] the degree of conviction which [it] must have is a conscientious belief that the charge is *almost certainly true.*

*Brown*, 2000 ME 25, ¶ 15, 757 A.2d at 772 (alteration in original) (quotation marks omitted). The State presented no evidence showing that Cook had been present at the camp during the theft, nor did the State present any evidence that *on this occasion* Cook had assisted in the commission of the crime or even knew that this specific camp had been burglarized. Although we view the evidence and the reasonable inferences that may be drawn from it in the light most favorable to the State, *Schmidt*, 2008 ME 151, ¶ 19, 957 A.2d at 86, the record before us is insufficient to persuade a rational fact-finder that it is almost certainly true that Cook either committed or assisted in the commission of this theft, *see State v. Nugent*, 2007 ME 44, ¶ 16, 917 A.2d 127, 131; *Brown*, 2000 ME 25, ¶¶ 15–16, 757 A.2d at 772. We therefore vacate the judgment of conviction on Count 5 of the indictment.

### B. Improper Joinder

■ [¶ 15] Cook's final argument is that the court erred in denying his M.R.Crim. P. 8(d) motion to sever. Joinder of defendants is permitted for "defendants who are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting a crime or crimes." M.R.Crim. P. 8(b). "The trial court has substantial dis-

cretion when it acts on a motion to sever, and its decision will be upheld unless it is demonstrated that the decision is an improper exercise of its discretion and prejudice is shown." *State v. Parsons,* 2005 ME 69, ¶ 13, 874 A.2d 875, 879.

[¶ 16] Cook and Daniel Cook were charged with crimes resulting from a series of break-ins and thefts, and prosecution for those crimes involved many of the same witnesses and evidence. The overlap of evidence applicable to each defendant in this case supports the court's denial of the motion to sever. *See id.* ¶ 14, 874 A.2d at 879–80. Further, although there was some confusion as to which defendant committed which crime, confusion does not equate to substantial prejudice or an unfair trial. *Cf. Bruton v. United States,* 391 U.S. 123, 135–37, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *State v. Lakin,* 2006 ME 64, ¶¶ 9–12, 899 A.2d 777, 779–80. The joinder of trials was therefore proper under these circumstances because it promoted judicial economy and efficiency "without substantial prejudice to the right of the defendant[ ] to a fair trial." *Lakin,* 2006 ME 64, ¶ 8, 899 A.2d at 779 (quotation marks omitted).

### III.  CONCLUSION

[¶ 17] We vacate two of Cook's nine convictions and remand for entry of a judgment of conviction for Class C burglary on Count 1 and resentencing. On remand, the court should reexamine and accordingly amend the restitution order to ensure that Cook and his co-defendant, Daniel Cook, are only compensating victims for the economic loss resulting from the crimes for which they have been convicted. *See State v. McCray,* 1999 ME 151, ¶ 7, 740 A.2d 38, 40. Joint and several liability may not be appropriate for the full amount of restitution ordered.

The entry is:

Judgment of conviction as to Counts 2, 3, and 6 through 10 affirmed. Judgment of conviction as to Count 1 and Count 5 vacated. Order of restitution vacated. Remanded to the Superior Court for entry of judgment of conviction of burglary (Class C) on Count 1 and resentencing consistent with this opinion.