MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2024 ME 49
Docket:       Pen-23-279
Argued:       February 6, 2024
Decided:      July 9, 2024

Panel:        STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.
Majority:     STANFILL, C.J., and MEAD, HORTON, LAWRENCE, and DOUGLAS, JJ.
Dissent:      CONNORS, J.

STATE OF MAINE

v.

RICKY WHITNEY

STANFILL, C.J.

[¶1]  After a bench trial (Penobscot County, *McKeon, J.*), Ricky Whitney appeals from the entry of a judgment of conviction for sexual exploitation of a minor (Class B), 17-A M.R.S. § 282(1)(A) (2024).  Whitney argues that because the court did not find beyond a reasonable doubt that the minor received the solicitation to send explicit photographs, the evidence is insufficient to support the conviction.  We agree and vacate the judgment of conviction.

## I.  BACKGROUND

[¶2]  On August 25, 2021, shortly after the State of Maine commenced proceedings by filing a complaint, the grand jury returned an indictment against Whitney for sexual exploitation of a minor (Class B), 17-A M.R.S.

§ 282(1)(A), alleging that on May 13, 2021, Whitney intentionally or knowingly solicited the minor, who was "not his spouse and in fact has not attained 16 years of age, to engage in sexually explicit conduct," knowing or intending that the conduct would be photographed.[1]  On June 8, 2023, Whitney waived his right to a jury trial and proceeded to a bench trial on June 14, 2023.  The trial was consolidated with a hearing on a motion to revoke probation in a separate matter.[2]  After the trial, the court received written closing arguments.

[¶3]  The court then held a dispositional hearing on July 7, 2023.  After briefly questioning the parties and hearing victim impact statements, the court orally stated its findings of fact, found Whitney guilty of the single count of sexual exploitation of a minor, and sentenced him to five years in prison.  The court also revoked Whitney's probation in the other matter and imposed the remaining five years of his suspended sentence, to run concurrently with the sentence for the conviction of sexual exploitation of a minor.

---

[1] "'Photograph' means to make, capture, generate or save a print, negative, slide, motion picture, computer data file, videotape or other mechanically, electronically or chemically reproduced visual image or material."  17-A M.R.S. § 281(3) (2024).

[2] Whitney was on probation for earlier convictions stemming from an incident with his former partner, the mother of the minor in this case.  Before the grand jury returned the indictment and six days after filing the complaint, the State filed a motion to revoke Whitney's probation based on this new criminal conduct.  Whitney did not ask us to review the probation revocation, and thus it is not before us.

[¶4]  On July 11, 2023, Whitney moved for further findings of fact and conclusions of law. *See* M.R.U. Crim. P. 23(c). In an order dated August 18, 2023, the court found the following facts, supported by competent evidence in the record. *See State v. Wilson*, 2015 ME 148, ¶ 2, 127 A.3d 1234.

[¶5]  Whitney was previously in a relationship with the minor's mother. Because of their relationship, he came to know the minor, who had not attained sixteen years of age.  On May 13, 2021, the minor received a message on Facebook from Whitney.  In that initial exchange, Whitney asked for a photo of the minor in shorts.  The minor was disturbed by the request and brought the phone to her mother to show her the messages.

[¶6]  The minor's mother began operating the phone and corresponded with Whitney through the minor's account as though she was the minor.  She sent a stock photo of a girl in shorts, with assistance from the minor.  The minor participated in the messages until they supplied the stock photo.  The court found beyond a reasonable doubt that, after the minor and her mother sent the stock photo, Whitney sent additional messages to the phone intended to solicit the minor to photograph herself engaging in sexually explicit conduct.  The minor did not engage in sexually explicit conduct, nor did she or her mother send any photos of the minor to Whitney.

4

[¶7]  There was conflicting testimony regarding the minor's involvement in the messages after sending the stock photo and specifically regarding whether she saw the messages from Whitney soliciting her to photograph herself engaging in sexually explicit conduct.  As a result, the court found as follows:

> Given the conflicting testimony, the court cannot find beyond a reasonable doubt that [the minor] observed the messages contemporaneously as they were received at any point after [her mother] sent a stock photo of a girl in shorts.  On this issue, however, the evidence is sufficient for the court to find by a preponderance of the evidence that [the minor] was standing next to her mother watching the messages contemporaneously with her mother.

The court then framed the issue as "whether the Defendant could be convicted for 'soliciting' sexually explicit photos if, unbeknownst to him, the minor was no longer receiving the messages and never, in fact, took sexually explicit photos of herself and sent them to the Defendant."  The court concluded that "it's not necessary [for the State] to show that, in fact, those messages were received by a minor" before the court could find Whitney guilty.  The court also concluded that the statute did not require that the victim engage in sexually explicit conduct or that there be photographs of it.  Nonetheless, relying on

17-A M.R.S. § 153(1) (2024)[3] to define "solicit," the court concluded that section 282 includes an "attempt to solicit the victim to engage in the conduct with an intent that it be photographed." While awaiting the court's further findings of fact and conclusion of law, Whitney filed a timely notice of appeal on July 18, 2023. *See* M.R. App. P. 2B(b).

## II. DISCUSSION

### A. There is insufficient evidence to sustain the conviction.

[¶8] The relevant part of 17-A M.R.S. § 282(1)(A) provides that "[a] person is guilty of sexual exploitation of a minor" if, "[k]nowing or intending that the conduct will be photographed, the person intentionally or knowingly employs, solicits, entices, persuades or uses another person, not that person's spouse, *who has not in fact attained 16 years of age*, to engage in sexually explicit conduct." (emphasis added).

[¶9] We review de novo the interpretation of a criminal statute. *State v. Marquis*, 2023 ME 16, ¶ 14, 290 A.3d 96. When doing so, "we seek to effectuate

---

[3] Title 17-A M.R.S. § 153(1) (2024) provides that "[a] person is guilty of criminal solicitation if the person, with the intent to cause the commission of the crime, and under the circumstances that the person believes make it probable that the crime will take place, commands or attempts to induce another person, whether as principal or accomplice," to commit murder or a Class A or B crime.

At the hearing, the court asked the State if its case relied on the term "solicit" in 17-A M.R.S. § 282(1)(A) (2024), and the State agreed. Although the parties and the court used this statute to define "solicit," criminal solicitation is a separate criminal charge and is not relevant to the definition here.

the intent of the Legislature, which is ordinarily gleaned from the plain language of the statute. We consider the language in the context of the entire statutory scheme. Further, a criminal statute must be strictly construed . . . to avoid absurd, illogical, or inconsistent results." *State v. Jones*, 2012 ME 88, ¶ 6, 46 A.3d 1125 (citations and quotation marks omitted). "Unless the statute itself discloses a contrary intent, words in a statute must be given their plain, common and ordinary meaning, such as [the average person] would usually ascribe to them." *Marquis*, 2023 ME 16, ¶ 14, 290 A.3d 96 (quotation marks omitted).

[¶10] "When interpreting a criminal statute, we are guided by two interrelated rules of statutory construction: the rule of lenity and the rule of strict construction. Pursuant to each of these rules, any ambiguity left unresolved by a strict construction of the statute must be resolved in the defendant's favor." *State v. Lowden*, 2014 ME 29, ¶ 15, 87 A.3d 694 (citations omitted). Strictly construing a statute avoids the creation of a criminal offense "by inference or implication." *State v. Tarmey*, 2000 ME 23, ¶ 9, 755 A.2d 482.

[¶11] Here, there is no ambiguity in the statute: it requires proof that the person being solicited, enticed, or persuaded is actually under the age of sixteen, and a defendant's belief about the minor's age is irrelevant. *See State v.*

*Keaten*, 390 A.2d 1043, 1044-45 (Me. 1978) (stating no culpable mental state is required for gross sexual misconduct; sexual intercourse "is illegal simply because the girl is under the age of 14" (quotation marks omitted)); 17-A M.R.S. § 34(4)(B) (2024) ("[A] culpable mental state need not be proved with respect to . . . [a]ny element of the crime as to which it is expressly stated that it must 'in fact' exist."). It is not sufficient that a defendant intended to solicit a minor; he must solicit a person who is in fact a minor.

[¶12] Indeed, in October 2021—after the State charged Whitney—the legislature enacted 17-A M.R.S. § 19 (2024),[4] which states, "A person who poses as a minor is deemed a minor for the purposes of a crime under chapter 11, 12 or 35 that has as an element or aggravating factor that the victim or person other than the actor is a minor."[5] P.L. 2021, ch. 447, § 1 (effective Oct. 18, 2021) (codified at 17-A M.R.S. § 19); R.R. 2021, ch. 1, § A-12. Section 19 is supposed to allow "a law enforcement officer or advocate . . . posing as a minor as part of a sex crime investigation or other law enforcement effort, [to be] deemed a minor for the purpose of criminal prosecution. Under this legislation, the level

---

[4] 17-A M.R.S. § 19 (2024) was originally codified as 17-A M.R.S. § 18, P.L. 2021, ch. 447, § 1 (effective Oct. 18, 2021); however, due to a numbering problem, the section number was changed to 19. *See* R.R. 2021, ch. 1, § A-12.

[5] 17-A M.R.S. § 282(1)(A) is in chapter 12 of the criminal code.

of crime the subject would be charged with would be the same, whether they merely believed the adult was a minor or whether there was an actual minor who was the victim." *An Act to Improve Investigations of Child Sexual Abuse: Hearing on L.D. 1486 Before the J. Standing Comm. on Crim. Just. & Public Safety, 130th Legis.* (May 12, 2021) (testimony of Rep. Genevieve McDonald) https://legislature.maine.gov/testimony/resources/CJPS20210512McDonald 132652299266776274.pdf [https://perma.cc/CA4U-56CD]. The Maine Criminal Law Advisory Commission submitted written testimony explaining that "the sponsor's goal in Section 1 of the bill is to allow the State to bring a charge based on the age of the other person being *as the suspect believed, rather than the actual age* of the other person." *An Act to Improve Investigations of Child Sexual Abuse: Hearing on L.D. 1486 Before the J. Standing Comm. On Crim. Just. & Public Safety, 130th Legis.* (May 11, 2021) (Memorandum of Maine Criminal Law Advisory Commission) (May 11, 2021), https://legislature.maine.gov/backend/app/services/getDocument.aspx?doct ype=test&documentId=163757 [https://perma.cc/HN5R-L7S9] (emphasis added).

[¶13] The Legislature's intent in enacting section 19 in 2021 is consistent with our holding that, without it, section 282(1)(A) requires that the

solicitation be communicated to a person who is, in fact, less than sixteen years of age.[6]  Because the court here explicitly stated that it could not find beyond a reasonable doubt that the minor received the solicitation, an element of the offense is missing and there is thus insufficient evidence to find beyond a reasonable doubt that Whitney committed the crime of sexual exploitation of a minor.[7]  *See State v. Cook*, 2010 ME 81, ¶ 7, 2 A.3d 313; 17-A M.R.S. § 282(1)(A).

**B.    The judgment of conviction should be vacated and the case remanded for judgment of acquittal.**

[¶14]   At the trial, neither party asked the court to address whether Whitney was guilty of attempted sexual exploitation of a minor or any possible lesser included offense.  Although it could have, the trial court did not consider the crime of attempted sexual exploitation of a minor.  *See* 17-A M.R.S. § 152 (2024).[8]  The State argued to the trial court, as it argued to us, that proof that Whitney intended to "solicit" the minor to engage in the conduct, even if the

---

[6] Given that section 19 was not in effect at the time of this offense, we need not determine whether, or the manner in which, it affects the application of section 282.

[7] Because there was insufficient evidence to prove this element of the crime, we need not address Whitney's other arguments on appeal, including whether 17-A M.R.S. § 282 requires that the minor actually engage in sexually explicit conduct as an element of the offense.

[8] Section 152 provides that "[a] person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, the person engages in conduct that in fact constitutes a substantial step toward its commission."  17-A M.R.S. § 152(1) (2024).  It further provides that "[a]n indictment . . . charging the commission of a crime under chapters 9 through 45 . . . is deemed to charge the commission of the attempt to commit that crime."  *Id.* § 152(3-A).

solicitation was not received by the minor, was sufficient to support a conviction on the principal offense. In this appeal to us, neither party raised the issue of attempt or a lesser included offense. Neither party argued that, if we agreed with Whitney that there was insufficient evidence to sustain the conviction, we should modify the judgment to a conviction of attempt.

[¶15] The dissent suggests that we should nonetheless enter a judgment of conviction for attempt based on the trial court's findings. We disagree. It is worthy of comment only because the trial court used the phrase "attempt to solicit" in finding Whitney guilty of the principal offense even though it did not consider the separate offense of attempted sexual exploitation of a minor.

[¶16] We have noted that reducing a principal offense to a lesser included offense on appeal may be constitutionally acceptable. *See Lowden*, 2014 ME 29, ¶ 22, 87 A.3d 694. We have not, however, sua sponte considered a conviction for attempt in cases where we find insufficient evidence to sustain a conviction, even if it might have been warranted on the facts. *See id.* ¶¶ 22-24. To the contrary, we explained in *Lowden* that "[m]odification of a judgment of conviction for a principal offense to that of a lesser offense is only available . . . when the lesser included offense is *necessarily committed* when the greater offense is committed." *Id.* ¶ 23 (emphasis added). We further explained that

attempted trafficking is not a lesser included offense of trafficking in scheduled drugs because the principal offense requires proof of "intentional or knowing" conduct, and knowing conduct is insufficient for attempt. *Id.* ¶ 24. As a result, we specifically declined to modify the judgment to attempted trafficking and instead vacated the conviction and remanded for the entry of a judgment of acquittal.[9] *Id.* It is significant that sexual exploitation of a minor under section 282(1)(A) can also be proven by either intentional or knowing conduct.

[¶17] Although attempt is statutorily charged and labeled a lesser included offense, 17-A M.R.S. § 13-A(2)(C) (2024), it is analytically different from a "true" lesser included offense. *See Lowden*, 2014 ME 29, ¶ 24, 87 A.3d 694; *State v. MacNamara*, 345 A.2d 509, 511-12 (Me. 1975) (providing that attempting to operate a motor vehicle while under the influence is not a lesser included offense of operating a motor vehicle while under the influence); *State v. O'Farrell*, 355 A.2d 396, 398-99 (Me. 1976) (concluding that attempted arson is not a lesser included offense of arson). Attempt is not necessarily

---

[9] Moreover, to enter a judgment of conviction of attempt on these facts is counter to the principles that we address unpreserved legal issues only when failure to do so may result in a miscarriage of justice, and generally do so in favor of the defendant. *See State v. Labbe*, 2024 ME 15, ¶ 41, 314 A.3d 162 (choosing to address the effect of a recent Supreme Court case upon a conviction even though it was not briefed when it could have been dispositive and clarification of the legal issue was warranted); *Sebra v. Wentworth*, 2010 ME 21, ¶ 16, 990 A.2d 538 (stating that where a party raised an issue on appeal but not before the trial court, we may "consider [a] purely legal issue on appeal because its resolution does not require the introduction of additional facts, its proper resolution is clear, and a failure to consider it may result in a miscarriage of justice" (quotation marks omitted)).

committed when the principal offense is committed. Instead, attempt requires a specific intent to complete the crime, while section 282(1)(A) can be proved by knowing conduct as well as intentional conduct. *See* 17-A M.R.S. §§ 152(1), 282(1)(A). That difference means that we cannot, and should not, enter a judgment of conviction for attempt when the facts do not support a conviction on the completed offense.

[¶18] We have long adhered to the principle of party presentation, that "[i]ssues neither briefed nor pressed in argument are deemed waived and abandoned on appeal." *State v. Barlow*, 320 A.2d 895, 898 (Me. 1974). As the Supreme Court explained, courts "do not . . . sally forth each day looking for wrongs to right." *Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (quotation marks omitted).

> [W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. To the extent courts have approved departures from the party presentation principle in criminal cases, the justification has usually been to protect a *pro se* litigant's rights.

*Id.* at 243-44. Because attempt is not necessarily committed when the principal crime is committed and the issue was neither preserved nor raised, we decline to enter a judgment of conviction of attempt in this case.

[¶19] We therefore vacate the judgment of conviction and remand for the trial court to enter a judgment of acquittal on the sole count of sexual exploitation of a minor.

The entry is:

> Judgment vacated. Remanded for entry of
> judgment of acquittal.

---

CONNORS, J., dissenting in part.

[¶20] I agree that the conviction for the consummated crime of sexual exploitation of a minor must be vacated. Following a jury-waived trial, the court entered specific findings that, as a matter of law, do not sustain a conviction for exploitation because the court expressly found that the State did not prove beyond a reasonable doubt that the minor actually viewed the solicitation.

[¶21] I dissent only as to the ultimate result. When Whitney was indicted for sexual exploitation of a minor, he was also charged with attempted sexual exploitation of a minor. *See* 17-A M.R.S. § 152(3-A) (2024) ("An indictment, information or complaint, or count thereof, charging the commission of a crime under chapters 9 through 45, or a crime outside this code is deemed to charge

14

the commission of the attempt to commit that crime and may not be deemed duplicitous thereby.").[10]  The trial court, acting as factfinder, expressly stated that Whitney "attempted" to induce her into the conduct constituting sexual exploitation.  The facts found by the court reflect all the elements of attempt.  Hence, whether or not attempt is considered a lesser included offense, I believe that altering the judgment to reflect a conviction of attempt could constitute a ministerial correction under the circumstances of this case.

[¶22]  An illustration reflects my reasoning.  Assume that a defendant is charged with two different offenses, burglary (Class C), 17-A M.R.S. § 401(1)(A) (2024) and possession of burglar's tools with intent to transfer (Class D), 17-A M.R.S. § 403(1)(B) (2024).  After a bench trial, the court finds the defendant guilty of both offenses.  In its decision, the court issues findings of fact that expressly include findings meeting every element of the Class D crime.  The trial court also states that the defendant committed burglary, but the express facts found by the court in that decision do not support the burglary conviction.  In that situation, which I conclude is functionally the same as the case before us, I believe we can correct the judgment to reflect a conviction on the Class D crime and vacate the Class C conviction.  *Cf. State v. Christian*, 2012

---

[10]  Sexual exploitation of a minor (Class B), 17-A M.R.S. § 282(1)(A) (2024)—which Whitney was charged with—appears in chapter 12 of the Maine Criminal Code.

ME 51, ¶ 10, 40 A.3d 938 (vacating and remanding to the trial court for a revised judgment of conviction).

[¶23]  It is true that the State never argued that we should modify the conviction to attempt if we deemed the evidence insufficient to sustain a judgment of conviction for sexual exploitation of a minor.  But the result of modifying the judgment in the present case would not deny Whitney the benefit from his appeal; it would simply reduce the judgment from a Class B offense to a Class C offense instead of achieving the complete acquittal he sought to obtain. *See* 17-A M.R.S. § 152(1)(C).  Also, this is not a situation where attempt could be deemed uncharged or where there were jury instructions and a general verdict; instead, attempt is automatically deemed charged, and this was a bench trial with express findings of fact.  *See id.* § 152(3-A).  Thus, at least in the absence of any affirmative indication of a strategic waiver by either party, the situation here would appear to involve a straightforward correction or revision of the judgment.

[¶24]  Finally, I have no quarrel with the party-presentation concept.[11] I stress the narrow parameters of my assessment: a bench trial, clear findings

---

[11] In *Greenlaw v. United States*, cited by the majority, Court's Opinion ¶ 18, the Supreme Court held that a Court of Appeals could not increase a sentence on appeal when the sentence imposed by the trial court was shorter than the mandatory minimum unless the government filed a cross-appeal. 554 U.S. 237, 245-46 (2008).  Here, in contrast, the question is not whether the conviction or sentence

of fact comprising attempt, and an automatic charge of attempt. Given these parameters, I believe that we may either exercise discretion to remand the matter to the trial court with instructions to enter a judgment of conviction for attempt or at least give the trial court the option of doing so.

---

Harris A. Mattson, Esq. (orally), Silverstein & Mattson, P.A., Bangor, for appellant Ricky Whitney

R. Christopher Almy, District Attorney, and Brendan F. Trainor, Asst. Dist. Atty. (orally), Prosecutorial District V, Bangor, for appellee State of Maine

Penobscot County Unified Criminal Docket docket number CR-2021-1440
For Clerk Reference Only

---

should be enhanced but rather whether it is appropriate to enter a conviction for the attempt to commit a principal offense.